## CALIFORNIA PACKING CORPORATION v. PRICE–BOOKER MFG. CO.

(Court of Appeals of District of Columbia. Submitted November 13, 1922. Decided January 2, 1923.)

No. 1495.

1. Trade-marks and trade-names and unfair competition ⟐⟿43—Distinguishing features, unknown to ordinary purchaser, do not establish descriptive properties.

Distinguishing features between the products of the applicant for trade-mark registration and of the opposer, which would be unknown to the ordinary purchaser unfamiliar with the process by which the products were manufactured, do not establish different descriptive properties.

2. Trade-marks and trade-names and unfair competition ⟐⟿43—Possibility of confusion establishes "same descriptive properties."

The phrase "same descriptive properties," within Trade-Mark Act 1905, § 5 (Comp. St. § 9490), must be construed to effectuate the dominant purpose of a section to prevent confusion and deception, as indicated by the first paragraph, authorizing registration of a mark by which the goods of the owner may be distinguished from other goods of the same class, so that, whenever it appears that confusion might result, the goods have the same descriptive properties.

3. Trade-marks and trade-names and unfair competition ⟐⟿43—Pickles are goods of same descriptive properties as canned vegetables.

Pickles and condiments are goods of the same descriptive properties as canned fruits and vegetables, since they are sold in the same stores, put out in similar containers, and used in connection with each other, and a person seeing a trade-mark on a container of pickles would be likely to assume they were produced by the same concern as that which produced canned fruit or vegetables bearing a similar mark.

---

⟐⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Trade-marks and trade-names and unfair competition ⚏43—Registration refused, unless goods could clearly not be confused.**

Registration of a trade-mark will be refused, unless the court is clearly convinced that the consumer would not be likely to confuse the goods of the applicant with those of a prior user of a similar mark.

Appeal from the Commissioner of Patents.

Application by the Price-Booker Manufacturing Company for registration of a trade-mark, opposed by the California Packing Corporation. From a decision allowing a registration, the opposer appeals. Reversed.

William G. Henderson, of Washington, D. C., and Archibald Cox, of New York City, for appellant.

J. W. Milburn, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. This is an opposition proceeding. The appellee applied to the Commissioner of Patents for registration of the word "Mission," accompanied by a representation of a mission house as a trade-mark for flavoring extracts for foods, mustard, tomato catsup, relishes made of chopped and ground pickles packed in spices and vinegar, chow chow, salad dressing, and vinegar. The mark is affixed to the goods or the containers thereof. The appellant uses substantially the same mark on canned fruits, canned vegetables, foods, and ingredients of foods, and the mark is applied to cans or glasses containing the goods. The appellee has used its mark since 1908, and the appellant established a date in the year 1892. Therefore the latter is entitled to priority. About this there seems to be no conflict.

[1] The dispute relates to the question as to whether the goods of the respective parties belong to the same class or have the same descriptive properties. The Examiner of Interferences, feeling bound by a prior decision of the Office, ruled that the goods did not possess the same descriptive properties, and dismissed the opposition. On appeal the First Assistant Commissioner, recognizing that there was a conflict in the decisions of the Office with respect to whether or not canned fruits and canned vegetables had the same descriptive properties as pickles, took the view that they had not. In doing so he adopted the reasoning of the case which he followed. It was to the effect that the goods did not belong to the same class, because canned fruits and canned vegetables require a different manufacturing plant from that needed in the manufacture of pickles; the latter are packed and shipped in glass or wooden vessels, while canned fruits and vegetables are shipped in air-tight tins; pickles have no food value, and are intended only as incitements to the appetite. But we do not think these considerations solve the problem. They relate chiefly to features which ordinarily would be unknown to the prospective purchaser, and which would have no tendency to help him in differentiating the goods of the one concern from those of the other. Therefore we must look for some other test.

⚏For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] In the first paragraph of section 5 of the act of 1905 (Comp. St. § 9490) relating to trade-marks it is said that no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark, unless, etc. The exception is not material here. The paragraph implies that, if the mark would not distinguish the goods of its owner from other goods of the same class, it should be denied registration. No interpretation of the phrase "the same descriptive properties," which occurs in the same section, applicable to all cases alike, has ever been given, so far as we know. The courts have been content with deciding in each case as it arose either that the goods did or did not possess those qualities, without going further. We think the dominant purpose of the part of the section here involved is the prevention of confusion and deception. If the use of the later mark would be likely to produce either, the mark should be rejected. Whenever it appears that confusion might result, it is because the goods have the same descriptive properties. We reason from the effect to the cause. For instance, no one would be deceived into believing that a can of tobacco and a can of peas were put out by the same concern, simply because they bore similar trade-marks. ·

[3, 4] Turning now to the goods of the parties to this litigation, we find that they are sold in the same stores, are put out in small containers, are used in connection with each other, and are associated in the public mind. We think that a person seeing the mark in question on a container of pickles would be likely to assume that they were produced by the same concern as that which produced the canned fruits or vegetables bearing a similar mark. At least we are not clearly convinced that he would not be, and therefore we hold against the newcomer. William Waltke & Co. v. Geo. H. Schafer & Co., 49 App. D. C. 254, 263 Fed. 650.

The decision of the Commissioner is reversed.

Reversed.