## B. HELLER & CO. v. SOUTHERN COTTON OIL CO.

(Court of Appeals of District of Columbia. Submitted March 10, 1925. Decided April 6, 1925.)

No. 1725.

1. **Trade-marks and trade-names and unfair competition 44—In registration proceeding, where priority is conceded, only question is likelihood of confusion or deception of purchasers.**

In registration proceeding, where priority is conceded, only question involved is whether registration of mark would be likely to cause confusion or mistake in mind of public or deceive purchasers.

2. **Trade-marks and trade-names and unfair competition 43—Use of trade-mark for lard compound held to preclude registration of same word as trade-mark for substitute for white of eggs.**

Prior adoption of word mark "Snowdrift" for lard and other compounds *held* to preclude another's registration of the identical mark for use on substitute for white of eggs in making articles of food, where both were packaged goods used in kitchen in connection with other ingredients in preparing pies, cakes, puddings, etc.

Appeal from Decision of Commissioner of Patents.

Application for registration of trade-mark by B. Heller & Co., opposed by the Southern Cotton Oil Company. From a decision for the latter, the former appeals. Affirmed.

E. T. Fenwick and C. R. Allen, both of Washington, D. C., for appellant.

Irving Miller, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decision of the tribunals of the Patent Office in a trade-mark opposition proceeding involving the right of appellant to register the word "Snowdrift" for use on a preparation described as "a substitute for the white of eggs in the making of meringue, marsh mallow, topping and icing for pastry, pies, and puddings."

Long prior to the adoption and use of this mark by appellant, appellee had adopted and used the same word "as a trade-mark for lard compound having for its essential ingredients an animal fat and a vegetable oil, and for cotton seed oil shortening compound composed of fatty, oleaginous, or unctuous food substances, and for cotton seed oils, and for vegetable shortening compound composed of fatty, oleaginous, or unctuous food substances marketed and sold by it, for the purpose of identifying said articles as its product, and distinguishing them from similar articles marketed and sold by others."

The Examiner of Interferences, reviewing the evidence, said: "The preparations of the opposer and of the applicant, while differing in some respects, are both packaged goods, both are to be used in the kitchen in connection with other ingredients in preparing pies, cakes, puddings, and many other articles of food. * * * The pictures of pies and other forms of pastry and desserts found on applicant's labels might as fittingly form a part of opposer's labels. An examination of the facts disclosed by the record leads to the conclusion that confusion as to origin of the goods is likely to arise as between applicant's and opposer's products, when sold in the same territory."

In his opinion the Assistant Commissioner said: "The difference between the specific ingredients of the opposer's and the appellant's products is recognized, but their use in the preparation and making of topping, icing for pastry, etc., by those who prepare such articles of food, renders confusion, where both have the same identical mark, quite probable, if not certain, and the doubt, if any exists, must be resolved against the newcomer, who had the broad field from which to select a mark which would not conflict with that employed, since long previous, by the opposer."

[1, 2] We think this case is ruled by our decision in Johnson Educator Food Co. v. Sylvanus Smith & Co., Inc., 37 App. D. C. 107, and California Packing Corporation v. Price-Booker Mfg. Co., 52 App. D. C. 259, 285 F. 993. Appellant overlooks the fact that this is a registration proceeding and that the only question before us, priority being conceded, is whether the registration of the mark by appellant would, in the language of the statute, "be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." We agree with the Patent Office that there is a likelihood of such confusion, and therefore affirm the decision.

Affirmed.