## GILBERT CO. v. JOHN C. GILBERT CHOCOLATE CO.

Patent Appeal No. 2698.

Court of Customs and Patent Appeals.
April 27, 1931.

Wm. Steell Jackson, of Philadelphia, Pa., for appellant.

Chappell & Earl, of Kalamazoo, Mich. (Fred L. Chappell and Otis A. Earl, both of Kalamazoo, Mich., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant herein has appealed from a decision of the Commissioner of Patents, which reversed the decision of the examiner of trade-mark interferences, which latter decision dismissed the opposition proceeding which appellee had instituted.

In the decision of the commissioner the facts in the case and the law applicable thereto are so clearly and, in our view, so aptly stated, that we feel it unnecessary to either set out in detail the facts or to discuss, at any great length, the law.

The opposer, appellee, of the state of Michigan, has, since 1893, engaged in the manufacture and sale of confectionery, generally designated as chocolates, its products being widely sold throughout the United States under the trade-mark "Gilberts," usually in script. Said mark was registered on March 1, 1910, under the ten-year exclusive use provision of the Trade-Mark Act.

The Gilbert Company, appellant, applicant, is a firm composed of J. H. McGill and Gilbert B. Mustin, and it is claimed that the origin of the word "Gilberts," which appellant seeks to register, is formed by a combination of part of the surname of J. H. McGill and the Christian name of Gilbert B. Mustin. The Gilbert Company shows use, since May, 1926, of the trade-mark "Gilberts" in script, almost identical with that of appellee, upon medicated chewing gum. The mark of appellant, which it seeks to register, contains the name "Gilberts," as above indicated, as its most pronounced feature, accompanied by the words "Soda Mint Gum" and a small triangle, all placed in a rectangular black background. The words "Soda Mint Gum" are disclaimed.

The examiner of interferences dismissed the opposition on the ground that candy and chewing gum were not goods of the same descriptive properties. The commissioner

reversed this finding of the examiner of interferences and held that the goods were of the same descriptive properties, and that the marks were almost identical.

Appellant insists that its goods are in the nature of a medical preparation and that there would be no likelihood of confusion between a medicated chewing gum and chocolates.

The record establishes clearly that the chocolates of appellee, of more than eighteen different varieties and of very high grade, are sold in drug stores, candy stores, cigar stores, hotels, department stores, clubs, and various other places; that the said "Gilberts" chocolates are well and favorably known in such places of business; that chewing gum is displayed and sold in the same places of business as chocolates; and that the goods are usually displayed side by side.

We think chewing gum such as appellant manufactures and sells is merchandise of the same descriptive properties as chocolate candies. California Packing Corporation v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; California Packing Corporation v. Price-Booker Mfg. Co., 52 App. D. C. 259, 285 F. 993; I. E. Palmer Co. v. Nashua Mfg. Co., 34 F.(2d) 1002, 17 C. C. P. A. 583; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F. (2d) 116, 17 C. C. P. A. 1034; Yale Electric Corp. v. Robertson (C. C. A.) 26 F. (2d) 972; Aunt Jemima Mills Co. v. Rigney & Co. (C. C. A.) 247 F. 407, L. R. A. 1918C, 1039; Williamson Candy Co. v. Ucanco Candy Co. (D. C.) 3 F.(2d) 156; Heekin Co. v. Lawrenceburg Roller Mills Co., 40 F.(2d) 119, 17 C. C. P. A. 1093; Cluett, Peabody & Co. v. Hartogensis, 41 F.(2d) 94, 17 C. C. P. A. 1166; Skookum Packers' Ass'n v. Pacific Northwestern Canning Co., 45 F.(2d) 912, 18 C. C. P. A. ——.

Appellee's trade-mark "Gilberts" is taken from the name of the owner or founder of the company. Since it is in script and is registered under the ten-year exclusive use clause of the act, the right to the ownership and use of such a trade-mark is not seriously questioned here. See Thaddeus Davids Co. v. Davids and Davids, 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046; J. B. Williams Co. v. Williams, 48 F.(2d) 398, 18 C. C. P. A. ——. Appellant's claim of right to use the word "Gilberts" does not involve the question of the right of a party to use his own name in the sale of his goods. It is not claimed that the word "Gilberts" of appellant is the name of the manufacturer or seller of the goods, except as above indicated.

We think, since the goods are of the same descriptive properties, and the trademarks are practically identical, that confusion would result within the meaning of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85) and that registration of appellant's mark should not be granted, and that the Commissioner of Patents properly denied registration, and his decision is affirmed.

Affirmed.