27 C.C.P.A.(Patents)

WHITE HOUSE MILK PRODUCTS CO. v. DWINELL–WRIGHT CO.

Patent Appeal No. 4153.

Court of Customs and Patent Appeals.

May 6, 1940.

Rehearing Denied June 21, 1940.

Munn, Anderson & Liddy, of New York City (Sylvester J. Liddy, of New York City, of counsel), for appellant.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward T. Fenwick, Edward G. Fenwick, and Charles R. Fenwick, all of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from a decision of the Commissioner of Patents which reversed a decision of the Examiner of Trade-mark Interferences and granted the petition of appellee for cancellation of the trade-mark of appellant.

The appeal was first argued before this court on May 3, 1939, and again, at the request of the court, on January 4, 1940.

Each of the parties is the owner of a registered trade-mark which consists of the words "White House" in association with a picture of the White House. The trade-mark of appellant is applied to canned, unsweetened, evaporated milk and was registered February 18, 1919, upon an application filed September 19, 1918. Appellee has two registrations of the said mark, No. 77,624 for use on tea and No. 77,625 for use on coffee, both dated April 26, 1910. Appellee's registrations were duly renewed and are in full force and effect.

The proceeding was instituted by appellee pursuant to section 13 of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 93, and relates solely to the "confusion-in-trade" clause of section 5 of said act, 15 U.S.C.A. § 85, as the statutory ground "that the registrant was not entitled to the use of the mark at the date of his application for registration thereof."

The answer of the appellant traversed the allegations of the petition and set up as one affirmative defense, among others not necessary to set out here, that: "By reason of its recognition, acquiescence in and concession of registrant's ownership of and

rights in and to the trade-mark consisting of the words 'White House' and representation thereof for canned milk, applicant for cancellation is estopped from denying registrant's right to the use and registration of the trade-mark 'White House' and is barred from the relief it seeks in this proceeding."

Both parties took testimony. It appears that each does a business of great volume and has expended large sums of money in advertising and otherwise. Appellant is wholly owned or controlled by the Great Atlantic and Pacific Tea Company, through whose stores its product has been exclusively sold since 1922. Appellee sells its "White House" coffee to various retail stores including the Great Atlantic & Pacific Company which has been retailing the said coffee since at least 1930. The president of appellee had known of canned milk sold under the trade-mark "White House" since "probably 1919 or 1920."

The decisions below turned on different interpretations of section 13 of the said act · which reads as follows: "Sec. 13. [U.S.C., title 15, § 93, 15 U.S.C.A. § 93] That whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after· a hearing before the examiner that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the examiner shall so decide, the commissioner shall cancel the registration. Appeal may be taken to the commissioner in person from the decision of the examiner of interferences."

In his decision the Examiner of Interferences did not pass upon the defense of estoppel; the commissioner in his decision did. We have here two questions:

1. Was appellant entitled to the use of the mark at the date of its application for registration thereof?

2. Was appellee estopped by reason of its conduct?

According to the interpretation placed upon said section 13, supra, by the Examiner of Interferences, if at the time the application of appellant was filed, and under the practice and rulings then obtaining in the Patent Office, the merchandise of the respective parties could not have been held to possess the same descriptive properties, the petition should be dismissed. He so found, basing his finding upon his statement that: "* * * the examiner is aware that no interference could· have been properly declared between the application of the respondent and either of the registrations issued to the plaintiff. Furthermore, if the plaintiff had filed a notice of opposition at the time this application of the respondent was published it would have been dismissed on the ground that the goods did not possess the same descriptive properties. That is to say, the registration herein sought to be cancelled could not have then been properly refused by this office. * * "

The examiner cited a number of decisions rendered between 1910 and 1929 to corroborate his above-quoted statement, including a decision rendered in 1922, Sears & Nichols Canning Co. v. Fey, 141 Ms.D. 270, in which coffee and tea were held to be goods not possessing the same descriptive properties as canned milk. He then concluded that the Patent Office was without jurisdiction under the statute to cancel the registration and, accordingly, dismissed the petition and recommended that the registration of appellant be not cancelled.

The commissioner, in reversing the decision of the examiner, stated: "I am unable to adopt the examiner's reasoning. The goods are the same now as they were in 1918, as is also the language of the statute. If confusion is now likely to result from the concurrent sale of canned milk and coffee under identical trade-marks that likelihood was necessarily present when respondent filed its application. Respondent's registration should have been refused because the mark was owned, registered and in use by petitioner, and "appropriated to merchandise of the same descriptive properties," when respondent's application was filed. Any views to the contrary then entertained in the Patent Office have since proved to be erroneous; and surely such administrative error cannot be said to have conferred upon respondent the right to use petitioner's trade-mark."

We agree with the above statement of the commissioner. We have no doubt but that canned milk and tea and coffee possess

the same descriptive properties. Beverages are made from both and they are commonly used together. They are sold, in cans, in the same stores to the same class of customers. Coffee has been held by this court to be goods of the same descriptive properties as fruits and vegetables, canned, dried and preserved, pork and beans, pickles, mustard and sardines. California Packing Corporation v. Tillman & Bendel, Inc., 40 F.2d 108, 17 C.C.P.A., Patents, 1048. It is unnecessary to cite any other of the numerous cases of this court bearing upon this question. Following the construction of the phrase "merchandise of the same descriptive properties" as heretofore declared by this court, we hold that the canned milk of appellant and the tea and coffee of appellee are goods of the same descriptive properties.

Since the goods herein are of the same descriptive properties and the marks of the parties practically identical, likelihood of confusion of origin in the mind of the public is, in our opinion, probable. Any practice or rulings in the Patent Office in former years cannot create in an applicant for registration of a trade-mark a conclusive vested right. However, it is prima facie a valid mark. Therefore, since we hold here that the goods of the parties hereto are of the same descriptive properties, it follows that they were of the same descriptive properties in 1918 and 1919 and that appellant should not have been granted registration of its trade-mark.

We cannot see how it can be said, unless by speculation or assumption without basis, that either an interference or an opposition proceeding between the parties twenty years ago would have necessarily resulted in the registration of the trade-mark by appellant. Appellee was entitled to the exclusive use of its registered trade-mark years before the application of appellant was filed. The fact that subsequently the Patent Office registered the trade-mark of appellant could in no respect affect the rights of appellee in the premises. Appellee was and is entitled to the exclusive use of its trade-mark against the use of the same trade-mark by others on goods of the same descriptive properties.

The record shows that for many years appellee was aware of the use of the trade-mark by appellant and until the present proceeding was instituted made no objection to such use and that for a long period of time with said knowledge it sold its goods in part to the Great Atlantic & Pacific Tea Company which was the sole distributor of appellant's goods. While it seems strange that appellee, under the circumstances herein, has suddenly deemed itself injured, this, of course, cannot be considered by this court. Appellee, in the purely statutory proceeding provided for in said section 13, supra, had the right *whenever* it deemed itself injured by the registration of appellant's trade-mark, to file its petition for cancellation *at any time*. As we held in the case of Cluett, Peabody & Co., Inc., v. Samuel Hartogensis, etc., 41 F.2d 94, 96, 17 C.C.P.A., Patents, 1166, 1170: "We think that the use of the words 'at any time' excludes the defense of laches in a cancellation proceeding instituted under the provisions of the section."

The record discloses great delay on the part of appellee in seeking to have the registration of the trade-mark of appellant cancelled. It does not disclose, however, any affirmative act on the part of appellee, relied upon by appellant to its injury, and thus it cannot be said that the appellee is barred to the right of cancellation under said section 13, supra. Cluett, Peabody & Co., Inc., v. Samuel Hartogensis, etc., supra.

We think the reasoning in the case of Cluett, Peabody & Co., Inc., v. Denver M. Wright, 46 F.2d 711, 713, 18 C.C.P.A., Patents, 937, is appropriate to the facts here. In that case we said: " * * * Appellee, at the time of making his application, was not the owner of the trade-mark for which registration was sought, since the same had already been appropriated, used and registered for use for goods of the same descriptive properties. * * *"

In view of what has been stated herein, the decision of the Commissioner of Patents must be and it is hereby affirmed.

Affirmed.