**HENRY MUHS CO. v. FARM CRAFT
FOODS, Inc., et al.**

Civil No. 922.

District Court, E. D. New York.
March 31, 1941.

Munn, Anderson & Liddy, of New York
City (Orson D. Munn, Sylvester J. Liddy,
and Daniel H. Kane, all of New York City,
of counsel), for plaintiff.

William A. Blank, of Brooklyn, N. Y., for
defendants.

GALSTON, District Judge.

The complaint charges infringement of
trade-mark and unfair competition.

The plaintiff and its predecessor have been engaged in the business of packing, manufacturing and selling food products, particularly butter and meat products, since 1872. In or about January of 1930 it adopted the trade-mark Farmcraft and applied it to butter and dressed poultry. In 1934 the plaintiff extended the use of the trade-mark to other food products including smoked ham, smoked tongues, sausages, frankfurters, eggs and headcheese; and on March 19, 1935, it secured registration of the trade-mark.

It is alleged that the defendants, with full knowledge of plaintiff's ownership of the trade-mark Farmcraft, competed unfairly with plaintiff and infringed upon its trade-mark rights by the adoption of the term Farmcraft as part of its corporate name, and by using the name Farmcraft and Farm Craft as a trade-mark for food products, particularly cheeses. The complaint alleges that such use results in deception of the purchasing public, which is led into believing that the defendant corporation is associated with the plaintiff and that the food products distributed by the defendant are actually the products of the plaintiff corporation.

Further violation is alleged in that the individual defendants caused to be filed in the office of the County Clerk of Queens County a certificate of doing business under the name and style of Farm Craft Cheese.

On the other hand, the defendants contend that their food products have become known to the public, more particularly in the metropolitan area of New York City. They say that the words Farmcraft and Farm Craft are not subject to trade-mark registration and they claim as good a right as the plaintiff to the use of those terms. They deny that they have committed any wrongful acts of unfair competition or of infringement. Affirmatively they allege that during the month of September, 1935, without any knowledge of the use by the plaintiff of the words Farmcraft or Farm Craft, the individual defendants formed the corporation Farm Craft Foods, Inc.

The evidence establishes that plaintiff carries on its business substantially as alleged in the complaint and sells its products throughout New Jersey and the metropolitan area of New York, and that some of its products are sold as far south as Florida. Its trade-mark Farmcraft, for which it applied for registration on November 26, 1934,

recites that the mark was applied to its goods since January 10, 1930. It was first used for dressed poultry and butter. Such foods, as appears from the certificate of registration, are included in Class 46 of the Patent Office and designated "Foods and ingredients of foods". The trade-mark was applied by putting a sticker on the poultry. The name was also stenciled on the shipping container in which the poultry was delivered. On butter a label was applied to the package. The label and sticker have been used continuously since 1930. No other trade-mark was used by the plaintiff on its butter and poultry than Farmcraft. In 1933 plaintiff started to use the term as applied to eggs and has since used it as a trade-mark for eggs. Then the name was applied to a complete line of sausage products and smoked meats, and such labels have been used continuously. The Farmcraft products are sold to institutions such as hospitals, to restaurants, retail dealers, chain stores and to sub-jobbers.

The plaintiff sells a variety of cheese products, but in so doing acts more or less as a jobber. It has been engaged in such jobbing business for about twenty-six years, buying recognized brands such as "Breakstone", "Kraft", "Lion" and "Pale Face", and having nothing to do with either the processing or the labeling.

The business of the plaintiff in Farmcraft products has developed considerably during the period from 1930. Its gross annual sales then were $21,151.66, and by steady increase in 1940 reached the sum of, roughly, $1,000,000. Its figure for all business done, including Farmcraft, in 1940, amounted to $2,578,806.93.

The plaintiff first learned of the use by the defendants of the corporate name, Farm Craft Foods, Inc., during the early part of 1939 and wrote in protest on February 28, 1939, but without avail.

The defendants sought to prove that the adoption of the corporate title was without knowledge of plaintiff's trade-mark; also that they had no knowledge that the plaintiff had been selling cheeses in the metropolitan area.

It is significant that their certificate of doing business as a partnership under the name Farm Craft Cheese was not filed until December 7, 1939, about ten months after the notice of infringement had been served upon them. The reason for this registration was apparently to assert some right to the name, for the business of the co-part-

nership was exactly the same as that of the defendant corporation, which the individual defendants control. Indeed, to state the matter more accurately, it appears that there was no business at all conducted under the name of the co-partnership as distinguished from the corporation.

The validity of the term Farmcraft as a trade-mark is attacked as descriptive because both the words Farm and Craft are said to be general terms and available to the public. But the combination of two descriptive components into a single coined, arbitrary and fanciful word may be a perfectly valid, technical trademark. The term must be considered in its entirety. The word Farmcraft does not describe cheese nor any of the other products to which the plaintiff applies the term. At most it is a suggestive term. The distinction between words which are descriptive and those which are merely suggestive is noted in Le Blume Import Co., Inc., v. Coty et al., 2 Cir., 293 F. 344. "Craft" is a word that has been employed in combination in frequent registrations in the United States Patent Office, in such instances as "Seacraft" for fish, "Pancraft" for flour and "Musiccraft" for phonograph records.

The defendants contend too that since the plaintiff has never applied the term Farmcraft as a name for cheeses they are free to use the name for that article of food. First let it be noted that butter and cheese are goods of the same descriptive properties and both are classified by the Patent Office under the same class designation, as appears from the certificate of registration of defendants' trade-mark Farm Food, issued October 24, 1939. The holding of the Patent Office in the matter of A. H. Barker & Co. was that butter and cheese are goods having substantially the same descriptive properties. It would appear that Lawrence v. P. E. Sharpless Co., D.C., 203 F. 762, is to the contrary, but I must with all due respect differ from the conclusion stated therein, though it may be added too that the facts in that case differ from those presented here. Moreover, in an opposition proceeding in the Patent Office subsequent to the 1913 decision in Lawrence v. P. E. Sharpless Co., Merrell-Soule Co. v. Kentwood Ice Mfg. and Bottling Works, Ltd., it appeared that the Kentwood company sought registration of marks relating to ice-cream, butter, ice-cream mix and condensed milk. The opposing corporation had applied a similar trade-mark to liquid milk, powdered milk and cottage cheese. The opposition was sustained on the ground that the applicant's products were goods of the same descriptive properties as the goods of the opposer, and moreover, that the opposer should be free to expand its business into the other goods involved in the proceeding. In California Packing Co. v. Poland, also an opposition proceeding in the Patent Office, it was held that butter and condensed milk are dairy products, both derived from milk, both used for food, and quite frequently prepared in the same plant and sold by the same dealers. See also Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039, holding pancake syrup and flour both food products commonly used together; White House Milk Products Co. v. Dwinell-Wright Co., Cust. & Pat. App. 111 F.2d 490, grouping canned evaporated milk and coffee and tea within the same descriptive classification. See California Packing Corp. v. Price-Booker Mfg. Co., 52 App.D.C. 259, 285 F. 993, holding pickles and condiments as of the same descriptive qualities as canned fruit and vegetables, since they are sold in the same stores and associated in the public mind; and Anheuser-Busch, Inc., v. Budweiser Malt Products Corp., 2 Cir., 295 F. 306, as to beer and malt syrup.

The modern doctrine is certainly to grant, to one who has established a trade-mark and good will in connection therewith, the use thereof in any reasonable extension of its business. Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A. 1918C, 1039; Waterman Co. v. Gordon, 2 Cir., 72 F.2d 272; Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972.

Another defense urged is that there has been no proof of actual deception. Neither in the matter of the infringement of a technical trade-mark nor in unfair competition is it necessary to prove actual deception. Proof of the likelihood of deception is itself sufficient. It appears that both parties deal in the metropolitan area of the City of New York. The use of the defendants' corporate name, whether in deliberate or unintentional simulation of the plaintiff's trade-mark, is enough to cause confusion, and this is equally true of the defendants' use of Farm Craft as applied to cheese. It is the ultimate public which must be protected and not the careful

retail dealers or jobbers. O. & W. Thum Co. v. Dickinson, 6 Cir., 245 F. 609; Gehl v. Hebe Co., 7 Cir., 276 F. 271.

Finally, it must be observed that the defendants' corporate charter did not confer on the defendants the right wrongfully to use a name in the invasion of another's rights. Great Atlantic & Pacific Tea Company v. A. & P. Radio Stores, Inc., D.C., 20 F.Supp. 703; Hudson Tire Co., Inc., v. Hudson Tire & Rubber Corp., D.C., 276 F. 59; Baker v. Master Printers Union of New Jersey, D. C., 34 F.Supp. 808. Frequently it has been said that the essence of unfair competition is the palming off, as one's goods, the goods of another. How deliberate the effort was in this case is not certain, but that a confused situation is likely to result inevitably appears.

The plaintiff is entitled to the relief sought. Submit findings of fact and conclusions of law in conformity with the foregoing opinion.