**WEBER FOUNDATIONS CO., Inc., v. RAND RUBBER CO., Inc.**

Civil Action No. 7996.

District Court, E. D. New York.
May 13, 1947.

Charles Sonnenreich, of New York City, for plaintiff (for the motion).

Klein, Alexander & Cooper, of New York City (Philip C. Peck and Fred A. Klein, both of New York City, of counsel), for defendant.

BYERS, District Judge.

Plaintiff seeks a preliminary injunction against the infringement of its trade-mark "Babs Sani-Brief" registered in the United States Patent Office on March 30, 1943, for "Combination Sanitary Belts and Pantie Briefs, in Class 44, Dental, medical, and surgical appliances".

It seems that there are certain articles of female nether wearing apparel known as briefs and panties. So much is to be gathered from specimens of advertising matter attached to the motion papers.

These articles are designed so as to perform a specific function at times, with the result that the word "sanitary" seems to be used in connection with them.

The plaintiff's trade-mark embodies an expression claimed to have been original with the registrant, "Sani-Brief"; and that expression is now also used by the defendant, who makes and sells competitive articles. No issue of priority is raised by the answering papers, and it is inferred that, as between these parties, the plaintiff was the first user of this trade-mark, and its sales, so identified, are shown to have been made in volume during the year 1942.

The opposition is based upon two assertions:

(a) That the trade-mark is invalid since it is descriptive.

Perhaps the word "Brief" is, as designating an article of apparel of scarcely sufficient dimensions to be called a garment. As to "Sani", the same does not appear to be true. At most it is a two syllable abbreviation suggesting sanitary, which is an adjective pertaining to the conditions that affect health, particularly with reference to dirt and infection; or that which is free from or designed to obviate influences deleterious to health.

The abbreviation is not descriptive of anything; it is suggestive but not descriptive. See Henry Muhs Co. v. Farm Craft Foods, Inc., D.C., 37 F.Supp. 1013, and Le Blume Import Co., Inc. v. Coty et al., 2 Cir., 293 F. 344, at page 351, therein cited.

That which "Sani" suggests is a desirable condition, but how it is brought about is not described.

The plaintiff's brief (the legal document) is replete with other trade-mark registrations embodying "Sani", and this showing is compatible with the propriety of plaintiff's trade-mark as such.

The use of "Sani-Brief" by still another manufacturer is not shown to have been in connection with these particular articles. The plaintiff's affidavit is to the contrary.

(b) That the motion papers fail to show that the articles have acquired, in the public consciousness, an identification with the plaintiff, i. e., that the trade-mark is not shown to have accomplished the purpose of "[signifying] the source." Industrial Rayon Corp. v. Dutchess Underwear Corp., 2 Cir., 92 F.2d 33, at page 35, 2nd column.

There is a prima facie showing to this effect, which is deemed sufficient for present purposes, in spite of affidavits to the contrary, cast in the form of conclusions.

It is thought that the balance of apparent equity lies with the plaintiff, and that its trade-mark is entitled to temporary protection, pending trial. Doubtless, if the parties cooperate to that end, the cause can be disposed of at the June Term.

Motion granted; the amount of security to be given by the plaintiff will be fixed by the Court if the parties are unable to agree thereto.

Settle order on 2 days' notice.