**HERSHEY CHOCOLATE CORPORATION, Plaintiff,**

v.

**HERSHEY BEVERAGE CORPORATION, Defendant.**

**Civ. A. No. 5350.**

United States District Court, N. D. New York.

Dec. 29, 1954.

90

---

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for plaintiff, John Dashiell, Philadelphia, Pa., of counsel.

Spira & Hershkowitz, Schnectady, N. Y., for defendant.

FOLEY, District Judge.

The defendant corporation, without reference in its notice of motion to a particular rule of Federal Rules of Civil Procedure, 28 U.S.C.A., moves to dismiss the complaint upon four stated grounds. The suit is one for alleged infringement of trade-marks and trade-names and for unfair competition.

On the question of jurisdiction, there is at least substantial basis for the assumption of jurisdiction under diversity of citizenship of the parties and the allegation of damage to good will involving a claimed amount far in excess of the sum of Three Thousand Dollars. 28 U.S.C.A. § 1332(a) (1). That such jurisdictional basis is sufficient in any event is made clear in Admiral Corp. v. Penco Inc., 2 Cir., 203 F.2d 517, 520, which authority also answers the other jurisdictional challenges of the defendant. Further, the allegation of jurisdiction by the plaintiff under 28 U.S.C.A. § 1338 is not challenged in any respect.

It is true that the Court of Appeals, Second Circuit, has not yet decided whether the Lanham Act, 15 U.S.C.A. § 1051 et seq. creates a new federal right against "unfair competition" Charles D. Briddell, Inc., v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416, 421; Dad's Root Beer Co., v. Doc's Beverages, 2 Cir., 193 F.2d 77; compare Stauffer v. Exley, 9 Cir., 184 F.2d 962; In re Lyndale Farm, 186 F.2d 723, 38 C.C.P.A., Patents, 825. However a statement in Pagliero v. Wallace China Co., 9 Cir., 198 F.2d 339, 341, is good reasoning in a situation where jurisdiction under the Lanham Act alone is claimed which, of course, is not the circumstance here: "If the complaint raises a substantial claim of federal right under the Lanham Act the District Courts have jurisdiction of the case notwithstanding it may ultimately be found that the alleged right was not created by the Act."

There is no question in my mind that the issue of laches, and a superior and prior right by the defendant to the use of its name in its trade should not be decided in a summary man-

ner by motion, but should await a trial of such issues. In the case cited by the defendant in support of its contention of laches, decision was made after trial on the merits. Dwinell-Wright Co. v. White House Milk Co., D.C., 44 F.Supp. 423. Summary judgment is frowned upon in this Circuit where credibility is an issue. Colby v. Klune, 2 Cir., 178 F.2d 872, and a satisfactory determination of trade-mark disputes by a motion for summary judgment is not usual. Marcus Breier Sons, Inc., v. Marvlo Fabrics, Inc., 2 Cir., 173 F.2d 29.

On both these issues, the affidavit furnished by the defendant would not support the drastic finding necessary that as a matter of law such defenses are established beyond the slightest doubt. In my judgment such issues are genuine ones as to material facts. The motion is denied and dismissed in its entirety, and it is so Ordered.