**POLAROID CORPORATION, Plaintiff,**

v.

**POLARAD ELECTRONICS CORPORATION, Defendant.**

**Civ. A. No. 17132.**

United States District Court
E. D. New York.

Jan. 21, 1959.

Silver, Saperstein & Barnett, New York City, for plaintiff. Donald L. Brown, Cambridge, Mass., of counsel.

Darby & Darby, New York City, for defendant. Morris Relson, New York City, of counsel.

BYERS, Chief Judge.

This is a defendant's motion for summary judgment in a case involving alleged trademark infringement and unfair competition causes.

The plaintiff's registered trademark is "Polaroid" and the defendant's—as to which registration has been sought in a proceeding which is still pending—is "Polarad".

The complaint was filed December 11, 1956, and the Answer, March 22, 1957.

Discovery has been had through the medium of Interrogatories and Depositions, and the matters so developed constitute the basis of this motion; the notice thereof states that "there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law because plaintiff is barred from preventing and equitably estopped to prevent defendant's continued use of defendant's trademark and trade name, by virtue of plaintiff's delay of over eleven years in bringing this action after actual knowledge of the facts, during which time defendant substantially changed its position to an extent rendering it inequitable to grant plaintiff the relief required by it in this action".

The foregoing is quoted because it adequately portrays the defendant's position.

As stated in the defendant's brief: "The present motion for summary judgment is based upon this Fifth Defense, involving estoppel and laches".

If this court were convinced from an examination of the data upon which the motion is made and opposed, that all is now known which is relevant to the issue thus stated, it would serve its own convenience as well as that of the parties, to dispose of the controversy thus summarily. Such, however, is not seen to be the case.

The question of laches involves much more than the mere knowledge on the plaintiff's part that the defendant company started in business in December, 1944, and that action was not brought until about twelve years later.

Whether the enterprizes pursue parallel but non-competing activities; whether their respective courses bid fair to diverge or converge, could not be, in the nature of things, a matter of accurate understanding at a particular time which the court could fix with any degree of certainty; whether the defendant's development and progress can be thought of as having been nourished by the plaintiff's failure to institute this litigation at a date earlier than the one chosen, are all matters to be resolved only in the light of the taking of testimony and the observation of witnesses and their demeanor.

The ultimate balance of equities can scarcely rest upon the record thus far made.

An opinion upon which the defendant relies was written by Judge Mayer in 1913, in the case of Valvoline Oil Co. v. Havoline Oil Co., D.C., 211 F. 189, 194. It contains the following:

"* * * It is true that mere acquiescence will not preclude injunctive relief, but, whether a case falls within the principle of Menendez v. Holt, 128 U.S. 514, 523, 9 S.Ct. 143, 32 L.Ed. 526 or within Richardson v. D. M. Osborne & Co., C.C., 82 F. 95, affirmed C.C., 93 F. 828 * * * depends, of course, on the particular facts and circumstances."

So comprehensive an issue as laches does not lend itself to disposition on a motion for summary judgment. See Hershey Chocolate Corp. v. Hershey Beverage Corp., D.C., 17 F.R.D. 89.

There are too many searching questions of fact indicated in the papers as a whole, which have been examined for the purposes of this motion, to enable the court fairly to decide the controversy in its present posture.

Motion denied. Settle order.