**NATIONAL TRAILWAYS BUS SYSTEM,**
Plaintiff,

v.

**TRAILWAY VAN LINES, INC.,**
Defendant.

No. 60–C–1091.

United States District Court
E. D. New York.

Oct. 1, 1963.

Poles, Tublin & Patestides, New York City, and Mason, Mason & Albright, by Penrose Lucas Albright, Washington, D. C, for plaintiff, for the motion.

Palmer, Masia & Palmer, by Samuel Masia and Werner & Alfano, New York City, for defendant in opposition.

RAYFIEL, District Judge.

The plaintiff, an unincorporated association of motorbus operators, whose principal office is located in Washington, D. C., commenced this action under Section 1338 of Title 28 United States Code, for infringement of its trademarks and for unfair competition. The defendant is a corporation organized under the laws of the State of New York, and maintains its office at Elmont, Long Island, in this District.

The plaintiff, which does not operate motorbuses itself, was organized in 1935 as an association in the nature of a co-operative, through which its member motorbus operators could coordinate their various activities, operate joint garages and terminals, coordinate schedules, provide interline tickets and accommodations, avail themselves of the economies effected by joint advertising and purchasing, devise and adopt uniform color schemes, patterns, trademarks and emblems, and devise and develop safety programs and practices in order to more effectively meet competition.

It is the owner of two trademarks; one, "Trailways," bearing registration number 517,542, and the other, "National Trailways Bus System," bearing Registration Number 519,783. Both marks were registered for Passenger Motorbus Transportation Service as Service Marks, pursuant to the Lanham Act of 1946, (Title 15 U.S.C. § 1053) on November 8, 1949 and January 10, 1950, respectively. The plaintiff and its member bus lines have used those trademarks in their advertising, on their stationery, and on their buses and other equipment. Over $6,000,000 was expended by the plaintiff and its member companies from 1958 through 1962 to publicize the services rendered by them under those trade-

marks. More than 35,000,000 tickets per year were sold by the member buslines in 1960 and 1961, exclusive of chartered buses. In addition, some 300,000 military personnel were transported in buses of member companies chartered by the Department of Defense in 1962.

The defendant was incorporated in the State of New York in 1950 under the name of Trailway Van Lines, Inc. It is engaged in the business of transporting household goods by motor vehicle.

In 1952 it obtained certificates from the Interstate Commerce Commission authorizing it to carry on its business in the District of Columbia and in thirty states. It began business in 1950 with two trucks, four tractors and four trailers. By 1960 its business had increased to such an extent that it was operating six trucks, five tractors and twenty trailers, and did an annual gross business of about $600,000.

The plaintiff alleges that late in 1959 and early in 1960 its president began receiving complaints from its member companies, whose employees had seen the defendant's vans, tractors and trailers on the highways bearing the word "Trailway" in its name. The plaintiff notified the defendant that it claimed that its use of the word "Trailway" in its name and in its advertising was wrong and improper, and in violation of the plaintiff's rights as owner of its registered trademark. When the defendant continued to use the name the plaintiff commenced the instant action in November, 1960. It claimed, inter alia, that the defendant's use thereof would, in the language of the statute, (Section 1114 of Title 15 U.S.Code), be "likely to cause confusion, or to cause mistake, or to deceive" prospective customers of the plaintiff's members.

The defendant's answer denies the material allegations of the complaint, except that it admits the registration by the plaintiff of its two trademarks but does not admit their validity. In addition, the answer sets up six affirmative defenses hereinafter discussed. Extensive pretrial and discovery proceedings, including interrogatories and depositions, have been completed and the plaintiff now makes this motion under Rule 56 of the Federal Rules of Civil Procedure for summary judgment or, in the alternative, under subdivision (d) thereof, for partial summary judgment, by ascertaining what material facts exist without substantial controversy.

The following are the affirmative defenses interposed by the defendant.

The first alleges that plaintiff's marks are null and void because in its applications therefor the plaintiff represented that it and its member companies were using the service marks for passenger motorbus transportation service when in truth and in fact the plaintiff was not engaged in that business, being solely and exclusively an association of operators of motorbus lines.

The second iterates the allegations of the first defense and, in addition, alleges that the *service* marks should have been registered as *collective* marks, as defined by Section 1127 of Title 15 U.S.Code, and, hence, are null and void.

The third alleges that the defendant has used its name for ten years, advertised it extensively, and built up a substantial business, all of which the plaintiff and its members either have had or should have had notice, but that it made no demand upon the defendant to refrain from the use thereof until July 1960, and that its failure to act sooner constitutes laches, and precludes the plaintiff from obtaining relief.

The fourth alleges that the plaintiff's members are engaged in the business of transporting *only passengers,* while the defendant transports *only household furniture.* Therefore, it claims, they do not compete and, accordingly, the public cannot be confused by the alleged similarity of names.

The fifth and sixth defenses allege that the word "Trailways" is a combination of two English words having ordinary meaning and, as such, are not subject to exclusive appropriation by the plaintiff as a trademark.

■ The latter two defenses are clearly invalid; and should be stricken. It is well settled that a coined word consisting of two words of ordinary meanings may be the subject of a trademark. As stated by Judge Galston in the case of Henry Muhs Co. v. Farm Craft Foods, Inc., D.C., 37 F.Supp. 1013, at page 1015, "The validity of the term Farmcraft as a trade-mark is attacked as descriptive because both the words Farm and Craft are said to be general terms and available to the public. *But the combination of two descriptive components into a single coined, arbitrary and fanciful word may be a perfectly valid, technical trademark.*" (Emphasis mine). See also Sears, Roebuck & Co. v. All States Trailer Rental, Inc., D.C., 188 F.Supp. 170.

■ As to the first four defenses I find that there are triable issues of fact which cannot be determined on a motion for summary judgment. It is my opinion that plaintiff's marks should have been registered as *Collective Marks* rather than *Service Marks* since the plaintiff itself renders no service in carrying motorbus passengers. It concedes in its supporting papers that it "is an association of independent motorbus operators" whose *members* render the service. See Title 15 U.S.Code Sections 1053, 1054, 1057; Quality Courts United, Inc. v. Quality Courts, Inc., D.C., 140 F.Supp. 341. The defendant should have an opportunity to prove, at a trial the invalidity on that account of the plaintiff's marks.

As to the defenses of laches and lack of competition, Judge Byers, in the case of Polaroid Corporation v. Polarad Electronics Corporation, D.C., 23 F.R.D. 182, at page 183, involving analogous facts and circumstances, said, "The question of laches involves much more than the mere knowledge on the plaintiff's part that the defendant company started in business in December, 1944, and that action was not brought until about twelve years later.

"Whether the enterprizes pursue parallel but non-competing activities; whether their respective courses bid fair to diverge or converge, could not be, in the nature of things, a matter of accurate understanding at a particular time which the court could fix with any degree of certainty; whether the defendant's development and progress can be thought of as having been nourished by the plaintiff's failure to institute this litigation at a date earlier than the one chosen, are all matters to be resolved only in the light of the taking of testimony and the observation of witnesses and their demeanor."

Judge Byers said, further, that "So comprehensive an issue as laches does not lend itself to disposition on a motion for summary judgment. See Hershey Chocolate Corp. v. Hershey Beverage Corp., D.C., 17 F.R.D. 89."

■ I would say, as did Judge Byers in the case cited above, "There are too many searching questions of fact indicated in the papers as a whole, which have been examined for the purposes of this motion, to enable the court fairly to decide the controversy in its present posture."

The motion for summary judgment is denied. Settle order on notice.