59 CCPA

**MINNESOTA MINING AND MANUFAC-
TURING CO., Appellant,**

v.

**JOHNSON AND JOHNSON, Appellee.**

**Patent Appeal No. 8567.**

United States Court of Customs
and Patent Appeals.

Feb. 10, 1972.

Rehearing Denied June 1, 1972.

Worley, C. J., concurred in result.

Baldwin, J., filed concurring opinion.

Almond and Lane, JJ., filed dissenting opinions.

Charles H. Lauder, St. Paul, Minn., attorney of record, for appellant.

Norman St. Landau, New Brunswick, N. J., attorney of record, for appellee; Henry W. Leeds, Washington, D. C., of counsel.

Before WORLEY, Chief Judge and RICH, ALMOND, BALDWIN, and LANE, Judges.

RICH, Judge.

This appeal [1] is from the decision of the Trademark Trial and Appeal Board, abstracted at 160 USPQ 827 (1968), sustaining appellee's opposition to appellant's application, serial No. 258,646, filed November 15, 1966, to register SKINVISIBLE on the Principal Register as a trademark for adhesive tape for medical and surgical uses, alleging first use on November 2, 1966.

The opposition is based on the contention that appellant's mark is "merely descriptive" when so used, within the meaning of § 2(e) (1) of the Trademark Act (15 U.S.C. § 1052(e) (1)).

Despite the broader description of appellant's goods contained in its application, the parties' briefs and arguments have been directed solely to the application of the mark on *transparent* adhesive tape for medical and surgical use—to such adhesive tape through which the skin is visible. We shall assume, therefore, that the question before us is whether the mark SKINVISIBLE is "merely descriptive" when applied to adhesive tape through which the skin is visible. The board thought that it is, stating (in its original opinion as modified on reconsideration), that

> Although a coined term, "SKINVISIBLE" possesses an obvious merely descriptive connotation as applied to medical and surgical tapes through which the skin of the user is visible, and that this is so, is evidence by a statement in applicant's brief that " * * * the immediate impression evoked by the mark 'SKINVISIBLE' is to stimulate an association with seeing the skin, rather than not seeing the tape".

> Notwithstanding the foregoing, it is applicant's contention that it is nonetheless entitled to registration because no one other than applicant has used

1. The Petition of Appeal states that the preliminaries for this appeal were taken "pursuant to Title 35, United States Code, Sections 142 and 143," which pertain to appeals in patent rather than trademark cases. However, we have construed the appeal as if filed pursuant to 15 U.S.C. § 1071(a), the provision governing appeals to this court in trademark cases.

"SKINVISIBLE" in connection with the sale of translucent medical and surgical tapes. This factor, however, does not diminish the merely descriptive significance of the term nor can it alone confer thereon the status of a trademark.

## OPINION

Appellee is not here to protect its exclusive right to a trademark in the development of which it has invested its time and money. Rather, it is here to try to prevent the encroachment of a claim of ownership on a right which it contends that it has, in common with all members of the public, to the free use of the language. This right, as far as it is concerned, is simply the right to be free from claims of exclusive right by others and from the possibility of harassment based on such claims should it decide to use some part of the language which is our common heritage.

SKINVISIBLE, the trademark in question, is clearly not a part of that common heritage, as such. As the board said, it is a coined term. When one considers the registrability of such marks, which are not themselves part of the existing language but which differ to a greater or lesser degree from words or phrases which are, it should be remembered that such matters as palming off, dilution of trademark rights, getting a free ride on another's goodwill, and the like are not involved. Because these considerations *are* involved where the issue is likelihood of confusion caused by conflicting *trademark* usage, there are real and logical reasons for protecting the private property in a trademark with a wider moat or a higher fence than is required to be built around publicly owned descriptive words or phrases. The statute itself so indicates: § 2(d) forbids registration of a mark which so resembles *a mark or trade name* (that is, words or phrases *not* in the public domain) previously used by another as to be likely, when applied to applicant's goods, "to cause confusion or mistake or to deceive purchasers," whereas in § 2(e) the pro-

scription is against registering a "merely descriptive" mark without any such qualification as the above-quoted clause in § 2(d).

Of course, the mark SKINVISIBLE is, as appellee's witnesses indicated, highly suggestive. It undoubtedly suggests that the skin is visible through or in spite of the goods to which the term is applied. It also suggests the quality of invisibility in the applied tape. However, as Judge Bland of this court wrote many years ago in one of the "Chicken of the Sea" cases, Van Camp Sea Food Co. v. Alexander B. Stewart Organization, 18 CCPA 1415, 1420, 50 F.2d 976, 979, (1931), often the best trademarks are highly suggestive, and it is well settled that a valid trademark may be highly suggestive. Cf. In re Realistic Co., 58 CCPA 1204, 440 F.2d 1393, (1971) (the mark CURV' held not to be "so descriptive of * * * [permanent wave curling solutions] as to preclude registration"). As one of appellee's witnesses was pushed into conceding, it is not a "dictionary word," nor is it, as far as we can tell from this record or our own experience, a word which had any existence in the vernacular before appellant coined it. Nor has opposer shown that it has become a part of the language. It is a short, snappy way of *suggesting* advantageous characteristics of the goods. Appellee's employees in charge of marketing its competing transparent tape admitted that they have been able to describe that product and advertise it without the use of the term coined by their competitor. In our judgment, they are going to have to continue doing so, because the mark is not "merely descriptive." Registration by appellant is not going to deprive appellee of any right to use the language in the normal way. Therefore the registration cannot damage *it*.

The two dissenting opinions and one concurring opinion herein call for the observation that the rationale on which the writer decided this case was first propounded and somewhat more fully developed in his concurring opinion in Ar-

mour and Co. v. Organon Inc., 44 CCPA 1010, 245 F.2d 495, (1957).

The present opinion nowhere states that a coined word cannot be descriptive. It *is* descriptive if it happens to be the new *name* of a new product. Names are necessarily coined in the beginning. But this is not a name, it is an adjectival term which is suggestive without being· *merely* descriptive. Judge Almond's opinion fails to explain *why* we are setting a dangerous or misleading precedent or what there is about it that is either dangerous or misleading.

The writer of course agrees with Judge Baldwin's opinion insofar as it finds SKINVISIBLE is not merely descriptive. The rest of the opinion is not understood. There is no attempt here to "relate" decisions under section 2(e) (1) to decisions under section 2(d). Indeed, the burden of the writer's argument here and in *Armour* is that such decisions *must* be made on different processes of reasoning, because the problems are *not* related at all. It is not seen where a "majority" of this court has rejected the idea nor that it has been laid to rest, here or elsewhere. Professor Derenberg warmly espoused it in his "Tenth Year of Lanham Act Administration," pp. 20–21, Patent, Trademark and Copyright Weekly Reports, Vol. 114, No. 7, Aug. 12, 1957, Part II.[2] If Judge Lane is counted as a member of that majority it is done only on the basis that he found it "unnecessary to expound on" any distinction between section 2(e) (1) and section 2(d) issues. He did not say there are no distinctions, nor, having the Derenberg views called to his attention, did he disagree with them. All he did, as his opinion is understood, was to agree with the board that SKINVISIBLE is "merely descriptive" because that is the way he feels about it. He appears to feel that since the public is free "to describe a trans-parent bandage as rendering the skin visible" or "to describe the result as visible skin" it is, ipso facto, free to do so by applying the uncommon—i. e., previously unheard of—term SKINVISIBLE. Yet he inconsistently concludes, in addition, that it could *become* a registrable trademark if § 2(f) proofs were submitted. If the public really is free to use SKINVISIBLE, that could not happen.

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.

WORLEY, C. J., concurs in the result only.

BALDWIN, Judge (concurring).

It seems to me well established that two or more words which would be merely descriptive by themselves can be joined together into a single term in such a way that the resulting term is a valid technical trademark. In re Ada Milling Co., 40 CCPA 1076, 205 F.2d 315, (1953) (STARTGROLAY); In re Colonial Stores, 55 CCPA 1049, 394 F.2d 549, (1968) (SUGAR & SPICE); In re Chesapeake Corp. of Virginia, 57 CCPA 838, 420 F.2d 754, (1970) (SUPERWATERFINISH); Henry Muhs Co. v. Farm Craft Foods, Inc., 37 F.Supp. 1013, (E.D.N.Y., 1941) (FARMCRAFT). In my opinion, SKINVISIBLE is such a term. It is a coined term, and a fanciful one. As applied to the goods, it does not necessarily describe either the tape itself as "invisible skin" or the tape as applied as allowing the skin to remain visible. It is a play on the spelling of the words "skin," "visible," and/or "invisible." It is just such fanciful terms as this which are most likely to be remembered by consumers. The term SKINVISIBLE is thus not *merely* descriptive within the meaning of 15 U.S.C. § 1052(e) (1).

---

2. Derenberg concluded:
  It is believed that this opinion may go a long way toward clarifying the fine legal distinctions which *must* be made between cases based on an opposer's alleged exclusive right in a trademark as compared with those alleging damage based on similarity of an applicant's mark to a generic term. [Emphasis ours.]

With regard to the theory that the test for mere descriptiveness under section 1052(e) (1) is somehow related to and less important than the test governing the likelihood of confusion under section 1052(d), I agree with the comments of both of my dissenting colleagues. This proposition was not argued by either party. To inject it into the decision of this case could only create confusion in the law. It should be noted that this theory has previously been before this court.[1] Perhaps now that it has been specifically rejected by the majority of this court, it can finally be laid to rest.

ALMOND, Judge (dissenting).

With deference, I am unable to agree with Judge Rich's opinion in its reasoning, nor can I agree with the majority in its result. I would affirm the decision of the Trademark Trial and Appeal Board holding that SKINVISIBLE is merely descriptive of appellant's transparent medical and surgical tape.

Judge Rich's opinion, in reversing, sets forth two lines of reasoning, both of which I think unsound. First, Judge Rich distinguishes between an opposition predicated on likelihood of confusion under § 2(d) and one predicated on descriptiveness of the mark under § 2(e). Obviously there is some difference (i. e., in types of proofs, etc.); however, Judge Rich seemingly carries the distinction to the point of saying in effect that, if the trademark examiner has not objected to the descriptiveness of the mark, then this court will not look favorably upon a competitor's opposition unless the mark is so descriptive as to be a common descriptive term. I completely disagree. The statute fully recognizes a distinction between the "public" right protected by § 2(e) and the "private" right protected by § 2(d) since it provides that descriptive marks may be registered if they have been shown to be distinctive within the meaning of § 2(f), at which point the public

right to use the descriptive term gives way to the acquired private right in the mark. When there is no § 2(f) distinctiveness shown, the only issue is whether the mark is prohibited from being registered by § 2(e) and opposer has every right to protect his, and the public's, interest in using the allegedly descriptive term. This right is not weaker than that under § 2(d), and I cannot agree with an implication that it is since that would constitute a dangerous and totally misleading precedent unsupported in law.

Secondly, Judge Rich's opinion implies that a coined word can never be descriptive because it "is not going to deprive * * * [anyone] of any right to use the language in the normal way." I not only think that such coined words can be descriptive, but also I think the one in this case is descriptive. The record clearly supports appellee's contention and the board's holding that SKINVISIBLE is merely a combination of two commonplace words, "skin" and "visible," and that the coined word SKINVISIBLE connotes the same thing as the words from which it was formed, i. e., that the adhesive tape is invisible on the skin (transparent) and the "skin" is "visible" through the tape. Even if we accept appellant's contention that SKINVISIBLE is a combination of "skin" and "invisible," I think the connotation of such a coined word is the same as that previously mentioned. Therefore, I agree with the board that in either sense the mark SKINVISIBLE is merely descriptive of appellant's goods. In addition, I would like to again emphasize that there are many other possible coined words which would also be descriptive of various goods, and hence are unregistrable under § 2(e).

I would affirm the decision of the board.

LANE, Judge (dissenting).

I disagree with Judge Rich's opinion in both its reasoning and its result. I

---

1. See Armour and Co. v. Organon Inc., 44 CCPA 1010, 245 F.2d 495 (1957).

would affirm the decision of the Trademark Trial and Appeal Board holding that SKINVISIBLE is merely descriptive of transparent medical and surgical tapes.

In the present case there is no confusion as to the basis for this opposition nor as to the simple issue before us. It seems unnecessary to expound on distinctions between an inter partes contest wherein the issue is likelihood of confusion under § 2(d) and an inter partes contest wherein the issue is the mere descriptiveness of a particular mark under § 2(e) (1) of the Trademark Act. Regardless of whether likelihood of confusion may be considered more important than mere descriptiveness as a basis for denying registration, as Judge Rich apparently concludes, where the ground is mere descriptiveness, as it is here, the case must ultimately be decided on the latter basis. Here the board in sustaining the opposition simply held that SKINVISIBLE is a merely descriptive term as applied to applicant's goods. The opposer-appellee contends that the record here is clear and convincing on this descriptive character of SKINVISIBLE in connection with transparent tape for medical and surgical uses. There is no evidence before the court of likelihood of confusion between SKINVISIBLE and another mark. There is also no evidence of record that SKINVISIBLE has become distinctive under § 2(f) of the Act.

In my opinion the descriptive term SKINVISIBLE is incapable of functioning as a trademark for indicating origin of the specified goods on the present record. Whether SKINVISIBLE is considered as a coined term, as stated by the board, or is considered as two dictionary words with the spacing between having been omitted, the expression simply describes to me a transparent tape which makes a person's skin visible. Anyone should be free to describe a transparent bandage as rendering the skin visible and when a transparent bandage has been applied to the skin, anyone should be free to describe the result as visible skin. The expression SKINVISIBLE is merely descriptive as distinguished from being suggestive or highly suggestive or distinctive.

Since everyone ought to be free to use the dictionary words skin and visible in describing a transparent tape, I cannot see how the mere joining of these two words together by omitting spacing results in a mark capable of indicating a particular source of the goods until the single term has become distinctive through a period of exclusive usage. Prior decisions, including those cited by Judge Rich and cited in Judge Baldwin's concurrence, are of little or no help in my determination that SKINVISIBLE is merely descriptive as held by the board.