Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1934.

## In re FERENCI.
### Patent Appeal No. 3209.

Court of Customs and Patent Appeals.

Feb. 26, 1934.

W. F. Finch, of West Palm Beach, Fla., for appellant.

A. Melrose Lamar, of West Palm Beach, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

PER CURIAM.

Sydney I. Prescot, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The application here at issue is broadly entitled "Improvements in Cigarette Package & Method of Making the Same." Three claims (being all the claims) are involved; Nos. 1 and 2 being product claims, and No. 3

being for the process. They read as follows:

"1. A package having a foil wrapper the ends of which are folded over the top of the package and provided with a slit extending transversely of said top adjacent one corner of the package, and a transparent envelop having its ends folded over each other on said top and provided with serrations on its end edges, whereby the ends of the envelop may be readily torn off adjacent said slit to permit the end folds of said wrapper between said slit and the adjacent corner of the package to be lifted to expose the contents of the package.

"2. A package having a wrapper the ends of which are folded over the top of the package and provided with a slit extending transversely of said top adjacent one corner of the package, and an envelop having its ends folded over each other on said top, whereby the ends of the envelop may be torn off adjacent said slit to permit the end folds of said wrapper between said slit and the adjacent corner of the package to be lifted to expose the contents of the package.

"3. The method of enveloping a package provided with a wrapper having its ends over the top of the package, which comprises slitting the folded ends of the wrapper adjacent one corner of the package, feeding a continuous web of enveloping material into position to be enfolded about said package, severing said web with a cutter having a corrugated cutting edge to form an envelop blank having serrated ends, and enfolding and then completely enveloping said package in said blank with said serrated ends overlapping on the top of said package."

It was held by an examiner of the United States Patent Office, in effect, that any invention involved in the product claims was distinct from that involved in the process claim, and division was therefore required. Appellant declined to make division and appealed from the examiner's decision, finally rejecting the claims, to the Board of Appeals. The latter tribunal affirmed the decision of the examiner, whereupon appeal was taken to this court.

There were cited as references:

Fischer, 1,194,492, August 15, 1916.

Fields, 1,824,879, September 29, 1931.

These were cited, however, according to the brief of the solicitor for the Patent Office, only "to show by their classification numbers following their dates that claims to the package and claims to the method of making packages are separately classified in the Patent Office."

The question of patentability, per se, is not therefore directly before us, and our sole concern is with appellant's contention that it was error to require division.

This court has had occasion to consider the question of division in different appeals heretofore brought before us. In re Butler, 37 F.(2d) 623, 17 C. C. P. A. 810; In re Wellman, 48 F.(2d) 926, 18 C. C. P. A. 1214; In re Rundell, 55 F.(2d) 450, 19 C. C. P. A. 932; In re Hawkins, 57 F.(2d) 367, 19 C. C. P. A. 1104. Those cases, citing numerous authorities, have uniformly sustained our jurisdiction over the issue, and that is not here questioned.

It is to be noted that in the Butler and Wellman Cases, supra, division was required by the tribunals of the Patent Office between the *product* and the *method* claims there involved, while in the Rundell and Hawkins Cases, supra, division was required as between *product claims only*. This court affirmed the decisions of the Board of Appeals in the two former cases, and reversed and remanded in the two latter cases, each case being determined, of course, upon its own particular facts.

The right to include both process and product claims in a single application is so well settled as to require no citation of authorities in its support. The doing of this is now a matter of everyday practice in the issuance of patents, and in the case of Steinmetz v. Allen, 192 U. S. 543, 24 S. Ct. 416, 48 L. Ed. 555, the Supreme Court of the United States held invalid a rule of the Patent Office which was found unduly to restrict the joinder in one application of related inventions.

However, all authorities examined, many of them being noted and some reviewed, in our cases cited, supra, are uniform in holding that there must be such a co-relation between the claims as to limit them to a single inventive act, and if different claims cover different inventive acts, division is proper.

Determination of the degree of co-relation essential to justify the joinder of process and product claims in a single application is not always easy.

The case of In re Richter, 53 F.(2d) 525, 527, 19 C. C. P. A. 756, 758, contains the following statement: "While there may be instances in which a product may be patentable where the method of its production is

not, and vice versa, nevertheless we regard it as sound law to hold that where, as seems to be the case here, the process claimed will produce only the product claimed, and the claimed product can only be produced by the claimed process, the process not being patentable, the product cannot be. In such a case, they are so interrelated as that there is not that independence between them which renders the product patentable if the process is not patentable."

While we had not there any question of division of claims involved, it is thought that, from the language quoted, some aid in determining the issue here may be derived.

Both the examiner and the Board of Appeals, in their respective opinions, have pointed out that the package of appellant may be produced by other than his process, and have specified other methods—such, for instance, as by hand, or by different machines in various ways, and, even if it be conceded that the process claimed would produce only the product claimed, the reverse of this, viz., that only appellant's particular claimed process would produce the claimed product, is not true.

Such being the case, we are of the opinion that the product claims cover a different inventive act from that covered by the method claims, and agree with the Board of Appeals that division was properly required.

The case is quite analogous to that of In re Wellman, supra, wherein will be found a collation of authorities.

The decision of the Board of Appeals is affirmed.

Affirmed.