23 C.C.P.A.(Patents)

### In re BURNS.

**Patent Appeal No. 3609.**

Court of Customs and Patent Appeals, April 29, 1936.

Sydney I. Prescott, of New York City (Joseph Shea, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the primary examiner requiring division, in appellant's application for a patent, of certain claims directed to a product, that is, a package, claims 9, 10, 15, and 16, from other claims directed to a machine, claims 1, 2, 3, 4, 11, and 12, and those directed to a process for making the product, claims 5, 6, 7, 8, 13, and 14.

Claims 1, machine, 5, process, and 9, product, are illustrative. They read:

"(1) In a wrapping machine, the combination with a folding pocket, of a web feed for feeding a web of wrapping material in front of said pocket longitudinally thereof, photoelectrically controlled means for feeding a printed strip transversely of said pocket in front of said web and registering the printed areas of the strip with said web, mechanism for severing a wrapper blank and a band from said web and strip, respectively, and nicking the cut wrapper at either side of the cut band, a device for transferring an article sidewise into said pocket, whereby the article is enfolded in the wrapper blank and the band is held between the wrapper and the article, and folders for folding the longitudinal edges of the wrapper into overlapping relation to form a seam."

"(5) The process of wrapping an article, which comprises feeding a web of wrapping material in front of a folding pocket longitudinally thereof, feeding a printed band strip transversely of said pocket in front of said web and registering the printed areas of the strip with said web, severing a wrapper blank and a band from said web and strip, respectively, nicking the cut wrapper at either side of the cut band, pushing an article sidewise into said pocket, whereby the article is enfolded in the wrapper and the band is held between the article and wrapper, and folding the longitudinal edges of the wrapper into overlapping relation to form a seam."

"(9) A package comprising a wrapper enfolded about an article and having its

longitudinal edges overlapped to form a seam, and a printed band held between the article and wrapper and having its printed area registered with the wrapper, one end of said band protruding from said seam and the outer seam edge being nicked at either side of said band."

The issue is clearly and concisely stated in the decision of the primary examiner. We quote: "In the present case the final question is whether division is maintainable between a product, and a machine and process for producing that product. It is admitted that, if for some peculiar reason, the product is so tied up with the machine and method that, it may not be produced in any other device or by any other method no line of division exists. Here, however, a product in the form of a cigar package is defined which may be produced by other machines and by other methods or by hand. Since this is the case there can be no interdependence between the machine, method and product. The latter is a separate and independent invention from either that of the machine or method and is separately classified and searched. It stands alone and is quite properly the subject matter of a separate application. As an illustration of the recognition that packages cover distinct inventions it is pointed out that at least three large classes are devoted to packages and wrappers. Classes 206 and 229, exclusively and Class 131 in part; Cigar Packages, are classifiable in Class 131. Machines and Methods relating to packaging cigars are found in Class 93."

As authority for his conclusion in the premises, the examiner cited the case of In re Ferenci, 68 F.(2d) 737, 21 C.C.P.A. (Patents) 856.

In its decision, the Board of Appeals said:

"There is no question but that the package could be made by hand without employing appellant's process although, of course, the package would result from the process claimed.

"We have given due consideration to appellant's argument but in our opinion, where an article can be made by more than one process, an invention relating to the article is a different one from a patentable process of producing the article."

In the case of In re Ferenci, supra, appellant's application for a patent related to "Improvements in Cigarette Package and Method of Making the Same." It appeared from the decisions of the tribunals of the Patent Office that the package could be produced by processes other than the one there claimed, "for instance, as by hand, or by different machines in various ways." We there held, in view of the authorities cited, that as the invention defined in the product claims was separate from and independent of the invention defined in the process claim, the requirement of division was proper.

In the case at bar it appears from the decision of the examiner that the package defined in the appealed claims, 9, 10, 15, and 16, could be "produced by other machines and by other methods or by hand."

Although in its decision the Board of Appeals did not state that the involved package could be made by other machines, it did not take exception to the examiner's statement in that regard. The board affirmatively held, however, that the package could be made by hand without employing appellant's process.

Counsel for appellant state in their brief that:

"It cannot be conceded that hand manufacture of his package could result in quantity production thereof by a mechanical process at low cost * * *.

"The Board of Appeals proposition that where an article can be made by more than one process, an invention relating to the article is a different one from a patentable process for producing the article, is not supported by the record, which fails to disclose any such process; and appellant is aware of none."

Although counsel for appellant are unwilling to concede the correctness of the statements of fact made by the tribunals of the Patent Office, there is nothing of record tending to establish that those statements are erroneous, and we must look to the record, not to the brief of counsel, for information on the subject. We are of opinion, therefore, that the principles announced in the Ferenci Case, supra, are applicable to the issues in the case at bar, and that the requirement of division was proper.

Relative to the requirement of division in cases involving subcombinations, see **In**

re Ferenci, 83 F.(2d) 279, 23 C.C.P.A. (Patents) ——, decided April 6, 1936.

For the reasons stated, the decision is affirmed.

Affirmed.