28 C.C.P.A.(Patents)

## In re GENERAL PERMANENT WAVE CORPORATION.

### Patent Appeals Nos. 4475, 4479.

Court of Customs and Patent Appeals.
April 14, 1941.

Rehearing Denied June 9, 1941.

E. Clarkson Seward and W. Saxton Seward, both of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

These are appeals from decisions of the Commissioner of Patents affirming decisions of the Examiner of Trade-marks rejecting two applications of appellant for the registration, under the provisions of the Trade-mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq., of marks used by appellant for hair waving pads.

Application Serial No. 378,781 is for the registration of the expression "Vaper Marcel", and application Serial No. 378,782 is for the registration of "an artistic design formed * * * by the words vaper marcel," as shown in the drawing.

The examiner held that the last-named application is a duplicate of appellant's application Serial No. 378,781, and required an election by appellant as to which application should be prosecuted. This appellant declined to do.

In view of the very close relationship between the two applications they will be embraced in a single opinion, but the two appeals will be considered separately.

Appeal No. 4475.

The application involved in this appeal is No. 378,781, for the registration of the mark "consisting of the expression Vaper Marcel for hair waving pads." The registration was denied by the examiner. In his statement upon the appeal to the commissioner he said:

"This is in answer to an appeal from the Examiner's refusal to register to applicant, under the 1905 Act, the notation 'Vaper Marcel' as a trade-mark for hair waving pads. The ground of refusal to register is that the mark is descriptive of the goods. Hair waving devices quite commonly employ vapors in the operation of waving. A "marcel" is a form of hair wave. Therefore a "Vaper Marcel" hair waving pad is reasonably construed as one that assists in making a marcel by the use of vapor. The phonetic mispelling of "vapor" is negligible.

"The words 'Vapor Marcel' having been recognized as descriptive of hair wavers and kindred devices and have been disclaimed in registration No. 221546, Va-Per-Marcel, Inc., of New York, N. Y."

The decision of the commissioner is brief and reads as follows:

"These are appeals from the refusal of the examiner of trade-marks to register the notation 'Vaper Marcel' as a trade-mark for hair waving pads. Two applications are involved, between which the examiner required election. Applicant traverses that requirement; but, as registration was properly refused in both cases, the point becomes immaterial.

"The examiner refused registration on the ground that the mark is descriptive of

the goods. Applicant does not deny that its hair waving pads are used in applying vapor marcels, but argues that this fact does not render the mark descriptive of the pads, 'or of the character or quality of such goods,' within the meaning of section 5 of the Trade-Mark Act of February 20, 1905, under the provisions of which Act the applications were filed.

"I think the argument is untenable. In my opinion the purpose for which an article of merchandise is intended to be used is manifestly characteristic of the article.

"The decisions are affirmed."

■ We are clear that the decision of the commissioner must be affirmed. We have no doubt that the expression "Vaper Marcel" is descriptive of the use to which the articles are put, and is barred by section 5 of said trade-mark act as being "descriptive * * * of the character or quality" of the goods to which the mark is applied.

Appellant contends that the expression "Vaper Marcel" is only suggestive of "some real or fancied function of a hair waving pad" and is in no wise descriptive of appellant's hair waving pad.

Appellant concedes in its application that its mark is applied to "hair waving pads." It appears that the pads to which appellant's mark is applied carry chemicals which, upon being moistened, generate heat to cause a waving solution to vaporize, which vapor is utilized in producing marcel waves.

It is obvious to us that if appellant's merchandise is properly described as hair waving pads, as appellant concedes, then the mark "Vaper Marcel" merely describes a particular kind of hair waving for which the pads are used, viz., in producing marcel waves utilizing vapor in the process, and therefore such mark, when used upon hair waving pads, would not indicate to purchasers the origin of such pads in appellant.

If the expression "Vaper Marcel" applied to hair waving pads is not descriptive of the character of such pads, then the term "hair waving" would likewise not be descriptive of the pads, for in each case the name applied is descriptive of use only. We think appellant would hardly contend that the expression "hair waving" would not be a descriptive mark if applied to appellant's pads.

Appellant has cited a number of trade-mark cases decided by this court upon the subject of descriptive marks, none of which in our opinion are applicable to the case before us. However, we do consider the case of Walgreen Co. v. Godefroy Mfg. Co., 74 F.2d 127, 129, 22 C.C.P.A., Patents, 818, as analogous in principle to the case at bar. That case involved the registrability of the word "Peaudouce" for use on "skin cream." The term "Peaudouce" is a combination of the French words "peau" and "douce," and the combination of the words means "soft skin." In concluding our opinion in that case we said:

"In view of the facts of record, we are of opinion that the trade-mark 'Peaudouce' is merely descriptive of the intended purpose and function of the goods on which it is used, and is therefore merely descriptive of the 'qualities, ingredients, or characteristics' of such goods; that, when so used, it is not subject to exclusive trade-mark appropriation; and that appellee's registration No. 250,012 is invalid and should be canceled. * * *"

Appellant contends that the combination of the words "Vaper Marcel" is not found in the dictionary. It is of course conceded that the notation "vaper" means the same as does the word "vapor."

■ Because appellant has combined two common English words, which in combination are not found in the dictionaries, is wholly immaterial. In re Bailey Meter Company, 102 F.2d 843, 26 C.C.P.A., Patents, 1136.

Here the expression "Vaper Marcel" clearly informs purchasers of appellant's pads of the use to which they are to be put.

In the case of Winchester Repeating Arms Co. v. Peters Cartridge Company, 30 App.D.C. 505, there was involved the registrability of the words "Self-Loading" as a trade-mark for cartridges. The court held the words to be descriptive and in its opinion stated: " * * * Moreover, it is perfectly apparent from an examination of the record that appellant selected these words and attempted to trademark them because they aptly informed the trade of the purpose for which its goods are made and of the use to which they are to be put. * * *"

So in the case at bar, it is clear to us that appellant selected the expression "Vaper Marcel" and attempted to trade-mark

it because it "aptly informed the trade of the purpose for which its goods are made and of the use to which they are to be put."

We deem further discussion unnecessary. We are clear that the decision of the commissioner should be affirmed.

### Appeal No. 4479.

As indicated in the beginning of this opinion, the only difference between the mark involved in this appeal and that involved in Appeal No. 4475 is the arrangement of the expression "Vaper Marcel" in what is termed in the application an "artistic design."

In view of our holding in Appeal No. 4475 that the expression "Vaper Marcel" is descriptive, it is clear that the mark involved in this appeal is not registrable. There is no disclaimer of the expression "Vaper Marcel" as shown in the mark applied for. Furthermore, we do not think one may secure the registration of a descriptive mark by arranging the letters in a distinctive way. That question, however, is not before us.

For the reasons herein stated, the decision of the Commissioner of Patents in each of the appeals before us, Nos. 4475 and 4479, is affirmed.

Affirmed.