32 C.C.P.A. (Patents)

## In re DOBECKMUN CO.

### Patent Appeal No. 4956.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

Rehearing Denied March 15, 1945.

Ely & Frye, of Akron, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents (57 USPQ 280) affirming the decision of the Examiner of Trade-Marks rejecting appellant's

application for the registration of an alleged trade-mark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. §§ 81–109.

The mark for which appellant seeks registration consists of the words "Breakfast Bread" for use on "merchandise wrappers, particularly bread wrappers sold in roll, sheet, or bag form," the word "Bread" being disclaimed apart from the mark as shown.

There appears, among other things, on the specimens filed with appellant's application showing the trade-mark as actually used the following: "Try Breakfast Bread, Tailored for Toast, Ideal for Roughage and Reducing Diets."

It appears from appellant's application that appellant's alleged trade-mark has been used on its goods since February 28, 1941, and that the mark is applied to such goods by printing it directly thereon.

In holding that appellant's trade-mark was not registrable, the Examiner of Trade-Marks expressed the opinion that it did not "function primarily as a trade-mark for wrappers, but rather as a designation of the contents to be wrapped in the wrappers," and held that the decision of the Commissioner of Patents in the case of Ex parte Adams, 1918 C.D. 53, 255 O.G. 609, was controlling of the issue in the instant case.

In the case of Ex parte Adams, supra, it was held that the applicant was not entitled to register the words "Butter Krust" as a trade-mark for use on bread wrappers and packages. In so holding, the commissioner, among other things, said: " * * * *What the applicant seems to have done is to invent a catchy name for bread, and undertakes to promote the sale of oil-paper wrappers by the use of this name.* The question is may a trader in wrappers register as a trade-mark for wrappers a device which is obviously intended for one particular article of trade and on its face refers to the article within the wrapper rather than to the wrapper itself? While no exact precedent has been found, this question must be answered in the negative. The meaning of a trade-mark, like a reputation, grows out of the opinions of others and not the opinion or intent of the owner. The ultimate consumer is the man who buys the bread, and he would never suppose this mark to refer to the wrapper. *Even the baker, the immediate consumer of the applicant's goods—wrappers—un-*derstands the term to refer to the bread, and buys the wrapper for no other purpose than to use the name 'Butter Krust' as a name for bread.* The only thing in the wrapper over and above the making of the paper (which the applicant does not make) is the affixing of the name 'Butter Krust.' Probably the baker has little interest in knowing who made the paper, and the goods he buys are not bought because of the applicant's reputation for making paper, but because they contain this fancy name. In Pioneer Co. v. Oppenheimer's Sons (C. D., 1907, 144; 128 O.G., 1293), the alleged trade-mark 'Combination Sets,' for paper boxes, was canceled because the mark itself represented something other than boxes—namely, suspenders, garters, and armbands—for which the applicant had not registered it (and probably could not register it because it was descriptive.)" (Italics not quoted.)

In his decision in the instant case affirming the decision of the Examiner of Trade-Marks, the Commissioner of Patents stated that counsel for appellant argued that appellant did not bake or sell bread, but, on the contrary, sold its wrappers to bakers of bread, and that as its trade-mark was used on the wrappers only appellant was entitled to the registration of its mark. The commissioner then said: " * * * Breakfast bread is bread primarily suitable for breakfast and therefore the words 'Breakfast Bread' applied to bread wrappers, particularly when, as appears on the specimen wrappers filed with the application, they are associated with the words 'Tailored for Toast' or 'Delicious Toasted', are merely descriptive of the intended purpose and function of the wrappers, to wit, to contain or to enclose bread suitable for breakfast, for instance, toastable bread; and the mark is not registrable for the wrappers for that reason. Walgreen Co. v. Godefroy Manufacturing Co., 74 F.2d 127, 22 C.C.P.A., Patents, 818, 454 O.G. 530. Ex parte Viking Refrigerators, Inc., 532 O.G. 776, 163 Ms. D. 835, 51 U.S.P.Q. 142."

It is contended here by counsel for appellant that appellant does not sell its goods to the retail trade, but only to manufacturers of bread; that "Appellant and its competitors have created a new industry which is an integral part of modern food selling"; that it and its competitors are rarely known to the retail merchant or to the general public; that its wrappers lose

their identity as a separate commercial commodity when used by the bread manufacturer; and that, although appellant's customers (manufacturers of bread) "salvage" appellant's mark and use it to identify and describe their breakfast bread and although the mark as used may be descriptive of the contents of the wrapper so far as the purchaser of the bread is concerned, appellant is, nevertheless, entitled to register its mark. Counsel rely here largely on the decision in the case of Bayer Co., Inc. v. United Drug Co., 272 F. 505, wherein it was held, among other things, by the District Court for the Southern District of New York that the owner of a trade-mark might have the right to the exclusive use of such mark in sales to manufacturing chemists, physicians, and retail druggists, but would not be entitled to its exclusive use so far as the general public is concerned.

The decision in the Bayer Co. case, supra, is not of vital importance here as the question before us is not whether appellant is entitled to the registration of a trade-mark for use on its bread wrappers, but rather whether it is entitled to the registration of a trade-mark which is designed not merely to indicate origin of its wrappers but also to describe, as it does, the bread enclosed in such wrappers.

Counsel for appellant frankly state in their supplemental brief that if appellant is entitled to the registration of its mark, the baker of bread who uses appellant's wrappers would be entitled to prevent other bakers from using the term "Breakfast Bread" on wrappers or packages to describe their breakfast bread.

Obviously, if appellant is entitled to register its mark "Breakfast Bread" for use on wrappers designed to indicate to the purchasing public that the bread contained therein is breakfast bread, it would be entitled to use and register such terms as "luncheon bread," "tea bread," "dinner bread," "supper bread," and any other term which is descriptive of bread and of which it was the first user and thereby monopolize the entire field and prevent bread manufacturers other than its customers from using any of such descriptive terms on their bread or bread wrappers.

It would seem to be too clear for argument that appellant's alleged trade-mark is, as stated by the commissioner, "merely descriptive of the intended purpose and function of the wrappers, to wit, to contain or to enclose bread suitable for breakfast," and is, therefore, merely descriptive of the character of appellant's goods. See Walgreen Co. v. Godefroy Manufacturing Co., 74 F.2d 127, 22 C.C.P.A., Patents, 818, 24 USPQ 77; In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A., Patents, 1099, 49 USPQ 184.

Counsel for appellant have presented many ingenious arguments in support of their contention that appellant's mark is registrable under the Trade-Mark Act of February 20, 1905. Those arguments have been given the consideration they merit. We are of opinion, however, that, for the reasons hereinbefore stated, appellant is not entitled to the registration of its mark. Accordingly, the decision of the Commissioner of Patents is affirmed.

Affirmed.