34 C.C.P.A. (Patents)

## In re W. A. SHEAFFER PEN CO.
### Patent Appeal No. 5211.

Court of Customs and Patent Appeals.
Dec. 9, 1946.

Thorley von Holst, of Chicago, Ill. (M. Hudson Rathburn, of Chicago, Ill., and Edwin R. Hutchinson, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Pasquale J. Federico, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents refusing to register appellant's mark "Fineline," 65 USPQ 171, as applied to mechanical pen-

cils, parts thereof, and leads therefor. The ground of refusal was that the mark is descriptive of the character or quality of the goods with which it is used and its registration prohibited under Section 5(b) of the Trade-Mark Act of February 20, 1905, 15 U.S.C. § 85(b).

In its application appellant alleged that it had continuously used and applied its trade-mark to the goods since August 19, 1938.

The Examiner of Trade-Marks took the position, which was upheld by the Commissioner of Patents, "that the mark is descriptive of the goods, because it conveys the information that applicant's pencils will produce a fine written line."

[redacted] The commissioner properly held that "it is now well settled that a mark is descriptive within the meaning of the Act if it describes the intended purpose, function, or use, of the goods to which it is applied."

Citing Sierra Chemical v. Berettini et al., 7 Cir., 33 F.2d 397, appellant directs attention in its brief to the fact that the involved mark is not of that class of trademarks known as arbitrary and fanciful, and citing O'Rourke v. Central City Soap Co., C.C.Mich., 26 F. 576, 578, directs attention, in italics, to the principle of law upon which it relies herein— "* * * There is, however, a class of words which, though not descriptive of the article, *are suggestive of some supposed advantage to be derived from using it, or some effect produced by its use.* These have been ordinarily, though not always, upheld as valid trademarks. * * *."

The sole question to be determined therefore is whether "Fineline" is descriptive of the character or quality of the goods; or whether as urged by appellant the mark "at most is suggestive of a possible result which may or may not be achieved in the use of a mechanical pencil."

Appellant argues that its mechanical pencil, or the lead used therein, does not necessarily make a fine line, that "Fineline" denotes an attribute which becomes apparent only when the article is used; and that a description of the goods does not by any stretch of the imagination include a line, fine or otherwise.

Appellant argues further in its brief that —* * * Appellant's pencils and leads may or may not make a line that could be described as "fine," depending on the manner in which the pencil is manipulated, the texture and hardness of the lead employed, and the standards of comparison used. To some users of appellant's pencils a thick heavy line might be described as a "good" or "fine" line.

It is true that appellant's mark does not describe a mechanical pencil. The purpose for which it is used, however, is to make a written line, and it is clear from the facts presented in the record that appellant's pencil, and the lead therein, when used for its intended purpose, does produce and include a line which by relative standards of comparison is properly described or characterized as "fine." Appellant's mark as correctly held by the Commissioner of Patents conveys the information that its pencil will produce that line.

[redacted] Words which are merely descriptive of the goods with which they are used, or the character or quality thereof, or the purpose for which they are used, shall not be registered under the mandate of the statute, for the reason that any one is entitled to use such words in describing the goods which he offers for sale. Model Brassiere Co., Inc., v. Bromley-Shepard Co., Inc., 49 F.2d 482, 18 C.C.P.A. (Patents) 1294; In re General Permanent Wave Corporation, etc., 118 F.2d 1020, 28 C.C.P.A. (Patents) 1099; Celanese Corporation of American v. E. I. Du Pont De Nemours & Co., 154 F.2d 146, 33 C.C.P.A. (Patents) 948.

It is clear that appellant's mark, if registered, might hamper others in the free use of the words "fine" and "line."

Counsel for appellant state in their brief that—* * * it is wholly erroneous not to say unfair, for the Examiner to suggest that "Fine-line" is a term having "authorized usage." Until appellant used the mark in connection with its goods there was no association therebetween whatsoever and no one would have known what was meant by a "Fineline" per se. Now, after years of advertising, the public (including, apparently, the Commissioner) as-

sociates the mark with appellant's mechanical pencils, but surely this is no ground for calling it descriptive. * * *

■ The difficulty with appellant's position is that there is nothing of record tending to establish that the quoted statement of the examiner is erroneous, and the court is obliged to rely upon the record and not the brief of counsel for information on the subject. In re Burns, 83 F.2d 292, 23 C.C.P.A. (Patents) 1091; Chrysler Corp. v. Trott, 83 F.2d 302, 23 C.C.P.A. (Patents) 1098; In re Selmi et al., 156 F.2d 96, 33 C.C.P.A. (Patents) 1187.

It is deemed unnecessary in view of the conclusion hereinbefore expressed to discuss and pass upon other points raised by appellant's reasons of appeal and the decision of the Commissioner of Patents for the reasons stated is affirmed.

Affirmed.