46 C.C.P.A. (Patents)
**Application of Percival H. SHERRON.**
**Patent Appeal No. 6379.**

United States Court of Customs and Patent Appeals.
Feb. 5, 1959.

Jan H. Van den Beemt, and Busser, Smith & Harding, Philadelphia, Pa. (Morris Relson, New York City, William A. Smith, Jr., Washington, D. C., and Darby & Darby, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Acting Chief Judge, and RICH and MARTIN, Associate Judges.

WORLEY, Acting Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of claims 41, 43, 48, 49, and 50 of appellant's application for a patent on an improvement in a telephone booth, on the ground of lack of invention over prior art.

The following are typical of the appealed claims:

"41. In a telephone booth a ceiling structure comprising upper and lower horizontal panels extending over substantially the entire booth ceiling and spaced apart to provide a chamber for electrical and telephone wiring, means downwardly displaceably connecting substantially a major portion of said lower panel to the remainder of the structure, illuminating means mounted in said chamber, and removable light transmitting means mounted in said displaceable portion of said lower panel below said illuminating means, said displaceable panel portion upon displacement thereof providing an opening for access from the interior of the telephone booth to the entire space within said ceiling chamber and to said illuminating means and electrical and telephone wiring within said ceiling chamber.

"49. In a telephone booth including side walls and a folding door in the front of the booth, a ceiling structure supported by said side walls, said ceiling structure comprising upper and lower horizontal panels spaced apart to provide a chamber for electrical and telephone wiring, means displaceably connecting a portion of said lower panel to the remainder of the structure, said displaceable panel portion extending for substantially the entire width of said lower panel transversely of the booth and extending for substantially a major portion of the depth of said lower panel extending from the front to the back of the booth, the front edge of said displaceable panel portion being positioned to be openable when the booth doors are open, illuminating means mounted in said chamber, and removable light transmitting means mounted in said displaceable panel portion below said illuminating means, said displaceable panel portion providing, upon displacement thereof, an access opening for installation of electrical and telephone wiring and for electrical apparatus in said ceiling chamber."

The single reference relied on is: Kuntz, 1,979,072, October 30, 1934.

Appellant's application discloses a telephone booth ceiling structure comprising upper and lower horizontal panels which are spaced to provide a chamber adapted to receive electrical wiring and apparatus including a light bulb for illuminating the booth. The upper panel is provided with a removable access plate which is held in place by means of bolts. A large portion of the lower panel, extending from one side to the other, is hinged to a fixed portion of the panel, so that it may be swung downwardly into the booth to provide access to the entire space between the panels. Removably secured in

the hinged panel portion is a glass plate which, in the closed position of that portion, lies below the light bulb so that light may be transmitted to the interior of the booth.

The Kuntz patent discloses a telephone booth having a ceiling comprising spaced upper and lower panels with a plate removably secured over an opening in the upper one to provide access to the space between the panels, which space contains electrical wiring and apparatus including a light bulb. The socket in which the bulb is received lies above an opening in the lower panel and the bulb extends into the opening. A plate having a removable translucent portion which normally lies below the bulb is hinged to the lower panel so that, when in closed position, it covers the opening, but the plate may be swung downwardly into the booth to provide access to the bulb. The size and location of the plate, however, are such that it does not provide access to the entire space between the panels. On the contrary, Kuntz provides a plate surrounding the bulb for the express purpose of preventing unauthorized persons from tampering with the other elements in the space between the panels.

It was the opinion of the Patent Office tribunals that Kuntz discloses appellant's general combination of a telephone booth having a top comprising upper and lower panels arranged to provide a space containing a light bulb and other electrical apparatus, together with a hinged plate having a light-transmitting portion and covering an opening in the lower panel which, when the plate is removed, permits access to a portion of the space between the panels.

The board held that no invention would be required to enlarge the opening and cover plate of Kuntz to provide access to that entire space, and further stated that the opening shown by Kuntz "is clearly large enough, we believe, to enable insertion of one's hands into the chamber between the ceiling panels and to reach electrical wiring in the ceiling."

We are unable to agree with the statement last quoted, since it is clear, in our opinion, that Kuntz does not intend to permit access through the opening in the lower panel to any portion of the ceiling space except that immediately surrounding the light bulb. Accordingly, so far as the board's rejection may be based on a literal anticipation of any of the appealed claims by the Kuntz structure, we cannot sustain it.

We agree, however, with the concurring holdings of the board and the examiner that the exact size and shape of the access opening and its hinged cover are matters of choice and design and that there would be no invention in the broad concept of enlarging these portions of the Kuntz device to provide access to the entire space between the panels. The idea of providing access openings of various kinds and sizes in the casings which enclose apparatus of many sorts is conventional, and in such a state of the art, it cannot be successfully contended that the mere idea of providing such an opening of any desired size and at any desired place is a patentable one, at least in the absence of a definite showing of some new and unexpected result.

It is true that Kuntz, who was evidently concerned with an indoor telephone booth, preferred to permit unlimited access to his ceiling space through the upper panel only. It appears to us, however, that if such access were found to be inconvenient, as it probably would be in the case of an outdoor booth, where a weather-tight roof is necessary, it would be an obvious expedient to provide a large covered opening in the lower panel.

Appealed claims 41 and 48 distinguish over Kuntz only in their recitation of the size of the access opening and its closure means. For the reasons hereinbefore stated, we conclude that this does not constitute a patentable distinction, and the board's decision as to those claims will accordingly be affirmed.

Claim 43 adds to the structure recited by claim 41 a "means downwardly displacing a portion of said upper panel to the remainder of the structure" in order

342

to provide access to the ceiling space through that panel, as well as through the lower one. Kuntz provides an upwardly displaceable portion in his upper panel which may be removed to provide access to the ceiling space and it would not, in our opinion, require invention to make that portion downwardly displaceable if it were found desirable to remove it from below rather than from above.

Claim 49 contains the functional statement that the movable portion of the lower panel is "positioned to be operable when the booth doors are open." We do not think that is a patentable limitation. It would naturally be desirable to have the booth doors open while working on the apparatus in the ceiling, and the manner of positioning the displaceable portion of the lower panel to permit that would be obvious.

Claim 50 states that the side panels of the ceiling structure are spaced from the side walls of the booth. This feature, at least as broadly recited in the claim, is merely a matter of structural design. It is stated in appellant's brief that "This affords the advantage of ready ventilation through the upper sections of the side walls without aperturing the top panel," but the claim is silent as to any such ventilation.

Appellant contends that the board erred in considering telephone booths to be in the building art, whereas actually they are in the telephone art. However, we regard the expedient of providing access to enclosed parts through a covered opening of suitable size as being one of such universal application that it would readily occur to a skilled worker in any art where it was appropriate.

Appellant also emphasizes the alleged commercial success of his invention, but there is no evidence on that point in the record and, as was said in In re Burns, 83 F.2d 292, 23 C.C.P.A. 1091, we must look to the record and not to the briefs for evidence on questions of fact.

We have carefully considered all the arguments advanced by appellant. We are of the opinion, however, as were the Patent Office tribunals, that the appealed claims recite no more than modifications or adaptations of the Kuntz structure which would be obvious to a skilled worker in the art. The decision of the Board of Appeals is affirmed.

Affirmed.