50 CCPA

**The WELLA CORPORATION, Appellant,**

v.

**LA MAUR, INC., Appellee.**

**Patent Appeal No. 6884.**

United States Court of Customs
and Patent Appeals.

Feb. 13, 1963.

———◆———

Eric Y. Munson, New York City, for appellant.

Arthur S. Caine, Whiteley & Caine, Minneapolis, Minn., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges.

WORLEY, Chief Judge.

La Maur seeks cancellation of Wella's trademark "Style-Tex" for use on a hair setting lotion, alleging prior and continuous use of "Style" on similar goods.

La Maur submitted various documents, testimony of two of its officers, and that of three wholesale beauty supply concerns. Wella took no testimony, relying on its own registration and eleven third party registrations which contain the word "Style" in various forms.

It is not disputed that La Maur has used the word "Style" since 1945 as its trademark on hair setting and holding spray products, marketed in substantial volume throughout the country to beauty salons and the general public.

Since La Maur's priority of use is not questioned, and the goods are similar, the sole issue is one of likelihood of confusion within the meaning of Section 2(d) of the Lanham Act.

It is clear, as the board observed in sustaining La Maur's petition, that "Style" is the whole of La Maur's mark and the prominent, if not the dominant, feature of Wella's mark. We think it equally clear that when those marks are used on the instant products, confusion, mistake or deception of purchasers would be quite likely to occur.

Appellant attempts to bolster its arguments that the board committed reversible error by citing prior decisions and eleven third party registrations, the latter designed to prove that La Maur's mark is so descriptive or suggestive of La Maur's product as to preclude cancellation of Wella's mark.

We find nothing in the decisions cited to support a reversal of the board's holding, nor do we think "Style" can fairly be considered descriptive of La Maur's product. While it may be suggestive in a sense, we do not think it sufficiently so, under the facts here, to negate the likelihood of confusion contemplated by Section 2(d). After all, the contest here is between "Style" and "Style-Tex" on similar products—not between those marks and others which have been, whether properly or improperly, registered by others not parties to this suit.

The decision is *affirmed*.

Affirmed.