58 CCPA

**Application of The REALISTIC COMPANY.**

**Patent Appeal No. 8529.**

United States Court of Customs and Patent Appeals.

May 13, 1971.

Roy F. Schaeperklaus, Cincinnati, Ohio, attorney of record, for appellants. William A. Smith, Jr., Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Betty Hedrick Vertiz, Arlington, Va., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and SKELTON, Judge, sitting by designation.

ALMOND, Judge.

This appeal is from a decision by the Trademark Trial and Appeal Board, 159 USPQ 445 (1968), affirming the examiner's refusal to register "CURV'" as a trademark for permanent wave curling solutions [1] on the ground that the mark

---

1. Application serial No. 241,933 filed March 25, 1966.

is merely descriptive of applicant's goods within the meaning of section 2(e)(1) Trademark Act of 1946, 15 U.S.C. § 1052(e).

Appellant has attacked the board's decision on several grounds, most of them unsound. However, in the main, appellant contends that CURV' is not merely descriptive of permanent wave curling solutions. We agree, and, therefore, find it necessary to discuss only this narrow issue.

██ As the board pointed out, a mark is descriptive if it describes the purpose for which the goods are to be used. In re W. A. Sheaffer Pen Co., 158 F.2d 390, 34 CCPA 771 (1946); In re General Permanent Wave Corporation, 118 F.2d 1020, 28 CCPA 1099 (1941). The question remains, however, whether CURV' is merely descriptive of the function of appellant's permanent wave curling solutions.

The examiner took the position that "CURV" is the phonetic equivalent of the word "curve" and that the word "curve" and variations thereof are used to describe the appearance of women's hair waved in a particular manner. In support of this position, the examiner cited several magazine articles and advertisements which indicate that certain permanent waving solutions may be used to achieve the "new curly, curvy look," "a permanent curve," "curved curls," etc. The board affirmed, stating:

> * * * since applicant's solutions are used in the process of imparting curves to the hair, we are clearly of the opinion that the word "CURVE" and the phonetic and hence legal equivalent thereof "CURV" are merely descriptive of such goods within the meaning of Section 2(e)(1) of the Act.

██ With due respect to the examiner's and board's reasoning, we are unable to agree that the mark CURV' is so descriptive of the goods to which it is applied as to preclude registration.

While it may be granted that CURV' does suggest a possible result of the intended use of the permanent wave curling solutions, it is not merely descriptive of the permanent wave curling solutions or the purpose for which such goods are to be used. As appellant points out, citing Hamilton-Brown Shoe Co. v. Wolf Brothers, 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629 (1916), the word "curve" is as suggestive of almost any article of manufacture (i. e., anything having or producing any type of curved shape) as it is of permanent wave curling solutions and their intended use. Indeed, the word "curve" does not, in our opinion, in its primary significance indicate the purpose for which the permanent wave curling solutions are to be used.

Despite the advertisements cited by the examiner, we do not think the mark CURV' would convey any definite or immediate meaning to a person seeing it or hearing it. Those advertisements use numerous nouns and adjectives to "describe" the various hairdos (for example, "wave," "brushy," "curly," "rippling," "body," "style," etc.), many of them more suggestive than the word "curve." Yet, at least one of these words, "style," has already been held not to be descriptive of hair setting lotions. Wella Corporation v. La Maur, Inc., 312 F.2d 831, 50 CCPA 916 (1963). We find the mark CURV' to be likewise not merely descriptive of appellant's goods.

Accordingly, the decision of the board is reversed.

Reversed.

SKELTON, Judge, sitting by designation (dissenting).

I respectfully dissent. In my opinion, the examiner's refusal to register CURV' as a trademark for permanent wave curling solutions on the ground that the mark is merely descriptive of applicant's goods within the meaning of Section 2(e)(1) Trademark Act of 1946, 15 U.S.C. § 1052(e), which was af-

firmed by the Trademark Trial and Appeal Board, was correct.

The facts show that appellant advertised its products under the word CURV' in connection with its permanent wave curling solution. These advertisements emphasized that appellant's products produced permanent curves, such as, for example:

Only Realistic provides you with four permanent curve formulations, "permanent curve formulations," "permanent curves for normal hair, for bleached hair," and "permanent curves for dry, dull hair."

Furthermore, it appears from the record that appellant's competitors used the words "curve" and "curly" in advertising hair styles created by them for their customers by using permanent wave solutions. In view of these facts, the examiner properly concluded that customers who wished to have a hair style permanent with curves or curls might well ask for a "CURVE" permanent.

The Board correctly stated:

It is well settled that a mark is descriptive not only if it describes the qualities, characteristics or properties of a product but also if it describes the purpose for which it is intended. See In re General Permanent Wave Corporation, 49 USPQ 184 [28 CCPA 1099, 118 F.2d 1020]; In re W. A. Sheaffer Pen Company, 72 USPQ 129 [34 CCPA 771, 158 F.2d 390 (CCPA 1946)]; and The Firestone Tire and Rubber Company v. United States Rubber Products, Inc., 51 USPQ 58 (Comr.1941). In view thereof, and since applicant's solutions are used in the process of imparting curves to the hair, we are clearly of the opinion that the word "CURVE" and the phonetic and hence legal equivalent thereof "CURV" are merely descriptive of such goods within the meaning of Section 2(e) (1) of the Act.

I would affirm the decision of the Trademark Trial and Appeal Board.