**Application of REYNOLDS METALS COMPANY.**

**Patent Appeal No. 9066.**

United States Court of Customs and Patent Appeals.

June 28, 1973.

---

Almond, Senior Judge, dissented and filed opinion.

Browne, Beveridge, DeGrandi & Kline, Washington, D. C., attorneys of record, for appellant. Francis C. Browne, Richard G. Kline, John M. Rommel, Washington, D. C., of counsel.

Joseph F. Nakamura, Acting Sol., Washington D. C., for the Commissioner of Patents. Raymond E. Martin, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board, abstracted at 172 USPQ 141 (1972), refusing registration of appellant's mark BROWN-IN-BAG for transparent plastic film bags.[1] We reverse.

### The Rejection

The application was first rejected on the premise that the mark was an informational slogan. The next and final refusal was based on the view that the mark was an informational slogan and did not "serve to distinguish applicant's goods from like goods of others." In the Examiner's Answer, Sec. 2(e)(1) of the Act of 1946 is cited and refusal is said to be required because the mark would be recognized by purchasers as "merely descriptive of the goods."

The board, after noting that the goods are cooking bags useable in browning meats, that the word "brown" is defined in Webster's as "to make brown by scorching slightly" and noting particularly appellant's advertisements wherein appellant states that meats will "brown right·in the bag," affirmed the refusal in this single sentence:

> It is clear enough from the record in this case that "BROWN-IN-BAG" is descriptive of a purpose or function of applicant's product, and in the absence of any evidence bearing thereon, we are not persuaded that it would have anything other than a descriptive connotation to purchasers thereof.

### OPINION

The parties have argued the case in the briefs on the basis of the board's opinion. The issue thus presented is whether the mark is merely descriptive of a purpose or function of the goods. If so, it is not registrable. In re The Realistic Company, 440 F.2d 1393, 58 C.C.P.A. 1204 (1971); In re W. A. Sheaffer Pen Company, 158 F.2d 390, 34 C.C. P.A. 771 (1946); In re General Perma-

---

1. Application serial No. 350,521, filed February 4, 1970.

nent Wave Corporation, 118 F.2d 1020, 28 C.C.P.A. 1099 (1941).

We think the mark is suggestive of one purpose to which the goods may be put, i. e. to brown meats in an oven. Suggestive marks are registrable. In re Ada Milling Co., 205 F.2d 315, 40 C.C.P.A. 1076 (1953).

The board's opinion and the Commissioner's brief cite these, and only these statements in appellant's advertisements:

"New Reynolds Brown-in-Bag bastes meat brown 'n juicy * * *."

"Meat brown savory and tender."

"Because the Brown-in-Bag is made of transparent Reynolon, ® meat browns right in the bag."

From this the Commissioner's brief states that "only one use is disclosed by this entire record." Appellant's advertisements of record, however, disclose other uses:

(1) making the meat juicy;

(2) making the meat tender;

(3) keeping the juices from escaping and splattering on the oven; and

(4) basting the meat in its own juices.

Appellant's specimens describe the product as "SEE-THROUGH BAGS YOU CAN COOK IN." That browning is not the sole purpose or function of the bags is further illustrated by appellant's instruction pamphlets of record wherein the cooking of sauerkraut, pears and vegetables—items not ordinarily browned—is taught.

It is true, but not fatal, that appellant's mark is informational. Because "bag" is obviously descriptive of the product and "brown" is descriptive of what can happen to some foods when the bag is used, the Commissioner's brief insists that the mark *informs* the housewife-purchaser of a purpose to which the bag may be put and thus it is *merely descriptive* of a purpose and unregistrable. But one may be informed by suggestion as well as by description. Here appellant is not seeking to register the "information" that their bags may be used to brown foods and is not seeking to register a direction such as "brown foods in this bag." Appellant seeks to register, as a unitary mark, the combination of words and hyphens which form the mark BROWN-IN-BAG.

That appellant appears to find it necessary to advertise, inter alia, that meats may be browned in its bags may indicate its unwillingness to rely on the mark alone even to suggest that function. However that may be, it is the mark appellant seeks to register, not its advertisements.

The Commissioner's brief reflects concern that registration here would "deprive appellant's competitors of the use of common generic words which are in the public domain." We think not. Competitors are deprived only of the use of the three words in such format as would be likely to confuse. Competitors remain perfectly free to inform purchasers that foods may be browned in their bags and to use "brown," "in" and "bag" in whatever nontrademark manner they choose. Pacific Industries Inc. v. Minnesota Mining & Mfg. Co. Inc., 425 F.2d 1265, 57 C.C.P.A. 1282 (1970); In re Automatic Radio Mfg. Co., 404 F.2d 1391, 56 C.C.P.A. 817 (1969).

In summary, we are unable to agree that the mark BROWN-IN-BAG, standing alone, is merely descriptive of a use, purpose or function of the goods. Accordingly the decision of the board is reversed.

Reversed.

ALMOND, Senior Judge (dissenting).

I agree with the board that "BROWN-IN-BAG" is descriptive of the purpose and function of appellant's product. Therefore, I would affirm.